UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANNE BRYANT, ELLEN BERNFELD,
and GLORYVISION, LTD.,                  Index No.

                        Plaintiffs,
                                                        **VERIFIED COMPLAINT**
   -against-                                    **AND JURY DEMAND**

EUROPADISK, LTD., MEDIA RIGHT
PRODUCTIONS, INC., VERY COOL MEDIA,
INC., DOUGLAS MAXWELL, THE ORCHARD
ENTERPRISES, INC. and RUSSELL J.
PALLADINO,
                       Defendants.      **07 CIV. 3050**
------------------------------------X

     Plaintiffs, by their attorneys, Monaghan, Monaghan, Lamb & Marchisio, Esqs. for their Verified Complaint against the Defendants allege upon knowledge as to their own actions and upon information and belief as to the actions of all others, as follows:

### JURISDICTION AND VENUE

     1.   This is an action for, <u>inter alia,</u> federal and common law trademark/service mark infringement, unfair competition, arising in part under the Lanham Act (Trademark Act of 1946, as amended), 15 U.S.C. § 1051 <u>et seq.</u>, and more specifically 15 U.S.C. § 1114, 1116, 1117, 1118 and 1125(a) (§ 43 (a) of the Lanham Act) and Copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C.A. §§ 101 et seq.

     2.   This action is also brought for trademark dilution under New York law including § 368-d of the General Business Law, and for violation of Plaintiffs' right of privacy under the Civil Rights Law of New York.

     3.   Jurisdiction is also conferred on this Court under 28 U.S.C. § 1138 (a) and (b) and 15 U.S.C. § 1121, and pursuant to the principles of ancillary and pendent jurisdiction.

     4.   This court also has jurisdiction of the action by virtue of 28 U.S.C.A. §§ 1331 and 1338.

     5.   Venue is proper in this forum under 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the

claim occurred here.

## NATURE OF THE ACTION

6. This action is brought to recover damages for trademark, trade dress and service mark infringement, breach of contract, civil rights violations, fraud, breach of fiduciary duty, unjust enrichment, and to obtain a declaratory judgment.

7. This action is also brought for injunctive relief to enjoin further violations by Defendants of Plaintiffs' rights with respect to the intellectual property hereinafter described.

## PARTIES

8. Plaintiff Anne Bryant is a citizen and resident of the State of Florida residing at 990 Bogey Lane, Longboat Key, Florida. She is an accomplished composer, arranger, lyricist, music producer and songwriter and has won industry awards for her compositions including Clio Awards.

9. Plaintiff Ellen Bernfeld is a citizen and resident of the State of New York residing at 990 Bogey Lane, Longboat Key, Florida. She is a Musician and Composer of numerous credits and compositions in her portfolio.

10. Plaintiff Gloryvision, LTD. is a corporation duly organized and existing under the laws of the State of New York with its principal place of business at 21 Collaberg Road, Stony Point, NY 10980-0561.

11. Defendant Europadisk, Ltd. is upon information and belief a corporation organized under the laws of the State of New York with its principal place of business at 75 Varick Street, New York, New York 10013. Upon information and belief, Defendant Europadisk, Ltd. is in the business of duplicating CD's and cassettes of compositions including the accompanying packaging and literature supplied to it by artists and composers and others.

12. Defendant Media Right Productions, Inc., is upon information and belief a corporation organized under the laws of the State of New York with its principal place of business at 324 West 23rd Street, Suite 3B, New York, New York 10011. Upon information and belief, Media Right Productions, Inc. is in the business of duplicating CD's and cassettes of compositions

including the accompanying packaging and literature supplied to it by artists and composers and others.

13. Defendant Very Cool Media, Inc. is upon information and belief a corporation organized under the laws of the State of New York with its principal place of business at 1666 Arden Avenue, Staten Island, New York 10312. Upon information and belief, Very Cool Media, Inc. is in the business of duplicating CD's and cassettes of compositions including the accompanying packaging and literature supplied to it by artists and composers and others.

14. Defendant Russell J. Palladino ("Palladino") is upon information and belief a citizen and resident of the State of New York and is located at 1666 Arden Avenue, Staten Island, New York 10312.

15. Defendant Douglas Maxwell ("Maxwell") is upon information and belief a citizen and resident of the State of New York and is located at 40 West 27th Street, 4th Floor, Suite 400, New York, New York 10001. Upon information and belief, Defendant Douglas Maxwell is the President of Defendant Media Right Productions, Inc.

16. Defendant The Orchard Enterprises, Inc. ("The Orchard") is upon information and belief, a Corporation organized under the laws of the State of New York with its principal place of business at 133 5th Avenue, 7th Floor, New York, New York 10003. Upon information and belief, The Orchard is in the business of physical and virtual distribution of copyrighted musical recordings.

17. Upon information and belief Maxwell and Palladino are principals and officers, directors and/or employees of Media Right and associated entities.

**BACKGROUND INFORMATION AND PRODUCT REPRESENTATION AGREEMENT**

18. Plaintiffs are the composers, arrangers and producers of a number of compositions, listed below and together known as "Songs for Cats," "Songs for Dogs," and "Songs for Dogs CD and Book" which were actively marketed and sold.

19. In or about February 2000 an Agreement dated the 8th day of August 1999 was entered into by Defendant Media Right

Productions, Inc. and Plaintiff Gloryvision, Ltd. with respect to Defendant Media Right Productions, Inc. acting as agent and representative for the sale, promotion and distribution of the CD's and tapes "Songs for Dogs," "Songs for Cats" and "Songs for Dogs CD and Book".

20. Pursuant to the foregoing Agreement, a copy of which is annexed as "Exhibit A", Defendant Media Right Productions, Inc. was to use its best effort to market and promote the recordings to catalogs, shopping networks, internet sites, retailers and wholesalers in exchange for 20% of all sales. Defendant Media Right Productions, Inc. was also responsible for the collection of funds and payment of the remaining 80% within seven days of receiving payment. (see **Exhibit A**).

21. Subsequent to the execution of the Agreement, Defendant Media Right Productions, Inc. undertook to promote the sales of the foregoing compositions and CD's. Defendant Media Right Productions, Inc. however has failed to account for and pay over any sums to Plaintiffs whatsoever.

22. All of the Defendants have been involved to some degree in the promotion and sale of Plaintiffs property and have failed to account to Plaintiffs for those sales.

23. "Songs for Cats", "Songs for Dogs" and "Songs for Dogs CD and Book" are being actively sold and marketed on the internet including sales through The Orchard. The compositions are set forth herein:

   a.   *The No Song;*
   b.   *If I Only Had a Thumb;*
   c.   *I Stole The Christmas Pie;*
   d.   *Please Don't Forget My Birthday;*
   e.   *The Very First Dog;*
   f.   *Do The Doggie Salsa;*
   g.   *I Been Cryin' All Night Since You're Gone;*
   h.   *Follow The Bone Lady;*
   i.   *Tomorrow's Another Day;*
   j.   *Could You Be An Angel?;*
   k.   *I'm Sweetie The Gourmet;*
   l.   *Curious x9;*
   m.   *Oh, My Little Sushi;*
   n.   *The Scat Cat;*
   o.   *Watchin' Purry Mason;*
   p.   *I Pray For The World (A Christmas Prayer);*

4

      q.   *Allergic To You;*
      r.   *Catrina, The Ballerina;*
      s.   *Where Will I Sleep Tonight;* and
      t.   *I'm Purrfect.*

24. At no time did Plaintiffs ever authorize Defendants to use their compositions or property without properly accounting to Plaintiffs.

## FIRST COUNT AGAINST DEFENDANTS
## FOR TRADEMARK/SERVICE MARK INFRINGEMENT

25. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 24 as if set forth verbatim herein.

26. Plaintiff Gloryvision, Ltd. is the owner of the copyrights with respect to the foregoing compositions. Plaintiffs have at all relevant times and continuously for over five (5) years have used the above marks to identify their product merchandise recordings and distinguished those from those made and sold by others, by among other things, displaying a claimed mark on the CD cases.

27. Plaintiffs are the composers, arrangers and producers of a number of compositions.

28. As a result of Plaintiffs' unique and distinctive marks and substantial promotion, sales and advertising including television and the Internet, throughout the United States, of Plaintiffs' recordings, merchandise, and products under the service marks, the marks have developed into strong service marks and have come to indicate to consumers a product or service originating only with Plaintiffs.

29. As aforesaid, Plaintiffs, Anne Bryant, Ellen Bernfeld and Gloryvision, Ltd. have the shares of which are owned by Plaintiffs, are the registered owners of the service marks. The use of the registered marks commenced prior to any use by the Defendants and Plaintiffs' use has continued without interruption from inception to the present time.

30. Defendants' sale of "Songs for Dogs", "Songs for Cats" and "Songs for Dogs CD and Book" products and services at their aforementioned website has caused and will continue to cause monetary loss, and other damages incapable of calculation and thus irreparably harming the Plaintiffs unless restrained by this Court, and Plaintiff lacks an adequate remedy at law.

31. Plaintiff lacks an adequate remedy at law for the reason that it is impossible to calculate with any degree of accuracy the amount of monetary damages sustained and to be sustained in the future by Plaintiffs as a result of Defendants' foregoing acts.

### SECOND COUNT AGAINST DEFENDANTS
### COMMON LAW TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

32. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 31 as if set forth verbatim herein.

33. Plaintiffs, at considerable expense, developed the artwork, logos, trade dress, and descriptions associated with the foregoing compositions.

34. Defendants have wrongfully appropriated the foregoing trade dress, style, logo and intellectual property by their unauthorized distribution and sale of Plaintiffs' CD's.

### THIRD COUNT AGAINST DEFENDANTS
### VIOLATION OF PLAINTIFF'S TRADE DRESS AS PROTECTED
### UNDER SECTION 43(a)(1) OF THE LANHAM ACT

35. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 34 as if set forth verbatim herein.

36. Defendants' infringing of Plaintiffs' trade dress as alleged herein constitutes Trade Dress Infringement and Unfair Competition under the Lanham Act and common law of the State of New York and the State of New Jersey.

37. Defendants' acts complained of herein have damaged Plaintiffs Anne Bryant, Ellen Bernfeld and Gloryvision, Ltd. and, unless restrained by this Court, will continue to damage

Plaintiffs and will cause irreparable injury to Plaintiffs' reputation and goodwill. Plaintiffs have no adequate remedy at law.

### FOURTH COUNT AGAINST DEFENDANTS, JOINTLY AND SEVERALLY
### DIRECT COPYRIGHT INFRINGEMENT

38. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 37.

39. As referenced above in Paragraph 23, and incorporated herein by reference, is a list of copyrighted musical recordings. Each musical recording listed in Paragraph 23 contains material wholly original with Plaintiffs and copyrightable under the Copyright Act.

40. Plaintiffs have copyrighted each recording in full compliance with the Copyright Act.

41. At all times relevant herein, Plaintiffs have been and still are the owners of the exclusive rights to reproduce and distribute, and to authorize the reproduction and distribution of the musical recordings listed in Paragraph 23.

42. Upon information and belief, since at least August of 1999, Defendants have from time to time acquired possession of recordings of Plaintiffs' copyrighted musical recordings and have duplicated the recordings from such discs or tapes, or has otherwise acquired unlawfully reproduced, either digitally or in physical form, and has sold or offered for sale such unlawfully duplicated copies through numerous unknown and known sources. Upon information and belief, Plaintiffs allege that Defendants now have or in the past have had in their possession unlawful copies of the musical recordings listed in Paragraph 23.

43. Despite an initial authorization by Plaintiffs to Defendant Media Right Productions, which concluded on or about August 8, 2002, Plaintiffs have not authorized Defendants to copy or duplicate any of their musical recordings or to offer for sale or sell any copies of their musical recordings.

44. Defendants' acts as alleged herein, are infringements of Plaintiffs' Copyrights.

45. Defendants have committed all of the aforesaid acts of infringement deliberately and willfully.

46. Defendants have continued to infringe Plaintiffs' Copyrights, and unless permanently enjoined by order of this Court, will continue to infringe Plaintiffs' Copyrights, causing Plaintiffs irreparable harm.

47. Plaintiffs have sustained, and will continue to sustain, substantial injuries, loss and damage to their exclusive rights under the Copyright laws regarding the musical recordings listed in Paragraph 23, and Plaintiffs have sustained and will continue to sustain damages from the loss of value of the exclusive rights thereunder by reason of Defendants' conduct.

### FIFTH COUNT AGAINST DEFENDANTS, JOINTLY AND SEVERALLY
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

48. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 47.

49. Upon information and belief, Media Right Productions, Inc., licensed and or consigned the recordings, including both tangible products containing the recordings and digital virtual copies of Plaintiff's recordings as listed in Paragraph 22, to unknown and known third parties, including but not limited to The Orchard for sale and/or distribution of infringing copies of Plaintiffs' musical recordings.

50. Media Right Productions, received payment in connection with the sale of these recordings from unknown third parties.

51. Media Right Productions failed to render payment to Plaintiffs for the sale of these recordings to and through unknown third parties.

52. Upon information and belief, Media Right Productions has represented to other Defendants and unknown parties that is the Copyright holder and/or licensee of the recordings and is authorized to transfer and/or sell the Copyright and/or copies of the recordings to unknown third parties.

53. Media Right Productions has knowingly and willfully permitted and continues to permit other Defendants and third parties to offer for sale and sell unauthorized physical and digital copies of Plaintiffs' musical recordings worldwide.

54. Defendants' acts, as alleged herein, are infringements of Plaintiffs' Copyrights.

55. Defendants have continued to permit, encourage, and facilitate the infringement of Plaintiffs' Copyrights, and unless permanently enjoined by order of this Court will continue to permit, encourage, and facilitate the infringement of Plaintiffs' Copyrights, causing Plaintiffs irreparable harm.

56. Plaintiffs have sustained, and will continue to sustain, substantial injuries, loss and damage to their exclusive rights under the Copyright laws regarding the musical recordings listed in Paragraph 23, and Plaintiffs have sustained and will continue to sustain damages from the loss of value of the exclusive rights thereunder by reason of Defendants' conduct.

### SIXTH COUNT AGAINST DEFENDANTS, JOINTLY AND SEVERALLY FOR AN ACCOUNTING AND BREACH OF CONTRACT

57. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 56.

58. In or about February 2000 an Agreement dated the 8th day of August 1999 was entered into by defendant Media Right Productions, Inc. and Plaintiff Gloryvision, Ltd. with respect to Defendant Media Right Productions, Inc. acting as agent and representative for the sale, promotion and distribution of the CD's and tapes "Songs for Dogs," "Songs for Cats" and "Songs for Dogs CD and Book".

59. Pursuant to the foregoing Agreement, Defendant Media Right Productions, Inc. was to use its best effort to market and promote the recordings to catalogs, shopping networks, internet sites, retailers and wholesalers in exchange for 20% of all sales. Defendant Media Right Productions, Inc. was also responsible for the collection of funds and payment of the remaining 80% within seven days of receiving payment, to Plaintiffs. (See **Exhibit A**).

60. Subsequent to the execution of the Agreement, Defendant Media Right Productions, Inc. undertook to promote the sales of the foregoing compositions and CD's. Defendant Media Right Productions, Inc. however has failed to account for and pay over any sums to Plaintiffs whatsoever.

61. All of the Defendants have been involved to some degree in the promotion and sale of Plaintiffs property and have failed to account to Plaintiffs for those sales.

62. "Songs for Cats", "Songs for Dogs" and "Songs for Dogs CD and Book" are being actively sold and marketed on the internet including sales through The Orchard.

63. At no time did Plaintiffs ever authorize Defendants to use their compositions or property without properly accounting to Plaintiffs.

64. Plaintiffs have duly performed in accordance with the terms and conditions of the Agreement.

65. Upon information and belief, Plaintiffs allege that Defendants have received monies as payment for Plaintiffs' compositions, as provided for in the Agreement.

66. Plaintiffs have not received any monies from Defendants pursuant to the Agreement.

67. As a result of the foregoing, there is now due and owing to the Plaintiffs from the Defendants sums of money, the exact amount of which cannot be determined without an accounting for which demand is hereby made, and following such accounting, a judgment for whatever amount is shown therein.

### SEVENTH COUNT AGAINST DEFENDANTS
### BREACH OF FIDUCIARY DUTY

68. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 67 as if set forth verbatim herein.

69. Pursuant to the foregoing Agreement, Defendants had fiduciary obligations, including supplying Plaintiff Gloryvision, Ltd. with a monthly report of marketing and promotion activities done on its behalf.

70. Defendants had fiduciary obligations, including being responsible for the collection of funds and paying Gloryvision, Ltd. its specified share within seven (7) days of receiving payment.

71. Defendants have failed to account for, supply a monthly report or pay such funds to Plaintiffs, and thus are in breach of their fiduciary duties, as well as the Agreement named herein.

72. As a result of the foregoing, Defendants owe Plaintiffs an accounting and payment of sums due upon such accountings, plus interest and costs.

73. Furthermore, because of their egregious breach of their fiduciary duties, Defendants are liable for punitive damages, compensatory damages, attorneys' fees and costs of suit.

### EIGHTH COUNT AGAINST DEFENDANTS
### UNJUST ENRICHMENT

74. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 73 as if set forth verbatim herein.

75. Upon information and belief, Defendants received substantial compensation from unknown third parties, as Plaintiffs' agents and representatives for the CDs and tapes entitled "Songs For Dogs," "Songs For Cats," and "Songs For Dogs CD and Book."

76. A portion of such funds constituted monies due and payable to Plaintiffs as their specified share for such recordings/compositions.

77. Plaintiffs were entitled to receive portions of these sums, which have been wrongfully withheld from them by Defendants.

11

**WHEREFORE**, Plaintiffs demand judgment against all Defendants on all Counts in an amount which cannot be determined without an accounting, however, in an amount not less than $1,000,000.00 in compensatory damages, and not less than $1,000,000.00 in punitive damages, together with interest, attorneys' fees, and costs of suit and that Defendants be permanently enjoined from directly or indirectly:

(a) duplicating, manufacturing, or copying any Copyrighted musical recording of which Plaintiffs are the Copyright registrants, assignees or exclusive licensees;

(b) selling, lending, exchanging, trading, or distributing any unauthorized audio tape cassettes or other unauthorized copy of any Copyrighted musical recording of which Plaintiffs are the copyright registrants, assignees or exclusive licensees;

(c) offering to do any of the acts enjoined in subparagraphs (a) and (b) above; and

(d) in any manner infringing or contributing to or participating in the infringement by others of any of Plaintiffs' Copyrights in musical recordings.

and that Defendants be required to deliver to Plaintiffs all unauthorized copies of Plaintiffs' Copyrighted recordings, in any form, and all equipment used for producing additional copies of Plaintiffs' Copyrighted recordings, that are in their possession, held for delivery to them or under their control, as are herein alleged to infringe any of Plaintiffs' Copyrights. At the time of delivery, Defendants each must provide Plaintiffs with a sworn affidavit, signed before a notary public and two witnesses, stating that all unauthorized copies of Plaintiffs' Copyrighted recordings, in any form, and all equipment used for producing additional copies of Plaintiffs' copyrighted recordings, that are in their possession, held for delivery to them or under their control, are being delivered to Plaintiffs. Furthermore, Plaintiffs demand Defendants each be required to pay to Plaintiffs statutory damages of up to $20,000 for each Copyright infringements with respect to each Copyright. If the Court finds that any infringement was committed willfully, Plaintiffs pray for statutory damages of up to $100,000 for each copyright for all willful infringements with respect to that recording.

**DEMAND FOR JURY TRIAL**

78. Plaintiff demands a trial by jury of all triable issues herein.

DATED:   April 16, 2007

MONAGHAN, MONAGHAN LAMB & MARCHISIO

By: _____
Patrick J. Monaghan, Jr.(PM6297)
   Attorneys for Plaintiffs
   150 East 55th Street
   New York, New York 10019
   (212) 541-6980
              &
   28 West Grand Avenue
   Montvale, New Jersey 07645
   Tel. (201) 802-9060
   Fax. (201) 802-9066