UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

ANNE BRYANT, ELLEN BERNFELD,
AND GLORYVISION, LTD.,

                                 Index # 07-CIV 3050

              Plaintiffs,
   -against-

                                 ANSWER, AFFIRMATIVE
EUROPADISK, LTD., MEDIA RIGHT        DEFENSES AND COUNTER-
PRODUCTIONS, INC., VERY COOL         CLAIMS
MEDIA, INC., DOUGLAS MAXWELL,
THE ORCHARD ENTERPRISES, INC.
AND RUSSELL J. PALLADINO,

              Defendants.
---------------------------------x

    Defendants Media Right Productions, Inc., Douglas Maxwell and The Orchard Enterprises, Inc., by their attorneys, Millman Law Firm, answer complaint as follows:

    1.  Denies the allegation in paragraphs 1, 2, 3 and 4 as there is no basis to jurisdiction.

    2.  Denies the allegation in paragraphs 6 and 7.

    3.  Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 8, 9, 10, 11, 13 and 14.

    4.  Denies the allegations in paragraph 17.

    5.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18

    6.  As to Defendant The Orchard denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs 18 through 21, inclusive.

7. As to Defendants, Media Right and Maxwell deny the allegation of paragraph 21 and 24 as no accounting has ever been duly requested and when brought to the attention of Media Right as a result of lawsuit herein accounting was immediately provided. In addition total gross sales were less than four hundred dollars so Media Right was unaware that "earnout" had occurred.

8. As to Defendant, The Orchard and Douglas Maxwell, denies the allegation contained in paragraph 22 and 24.

9. As to the allegations contained in paragraph 23, except for sales through The Orchard denies knowledge or information sufficient to form a belief.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 26, 27, 28, 29 and 30.

11. Denies the allegations contained in paragraphs 30, 31, 34, 36 and 37.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 39, 40 and 41.

13. Denies allegations contained in paragraphs 42 through 47.

14. As to the allegations contained in paragraphs 49 through 56, Defendant The Orchard denies knowledge or information as to the allegations contained in paragraph 49 through 56 with the exception that The Orchard, pursuant to contract with Defendant Media Right did accept assignment to sell product on The Orchard.

15. As to Defendants Media Right Productions and Douglas Maxwell, except for obtaining listing on The Orchard by Media Right Productions, pursuant to agreement dated August 8, 1999, denies the allegations contained in paragraphs 49 through 56.

16. As to Defendant The Orchard, denies knowledge or information sufficient to form a belief as to the allegations in paragraphs contained in paragraphs 58, 59, 64, 66 and 67.

17. Denies the allegations contained in paragraph 61 and 63.

18. As to Defendant Media Right Productions and Douglas Berlent denies the allegations contained in paragraph 67.

19. As to Defendant The Orchard deny the allegations contained in paragraph 69, 70 and 73.

20. As to Defendant The Orchard deny knowledge or information sufficient to form a belief as to the allegations in paragraphs 71 and 72.

21. As to Defendant Media Right Productions and Douglas Maxwell deny the allegations contained in paragraphs 69, 70, 71, 72 and 73.

22. As to Defendants The Orchard and Douglas Maxwell denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 75, 76 and 77.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The complaint fails to state a cause of action for copyright infringement.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred by laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are time barred by statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Complaint fails to state a cause of action for accounting.

<u>AS AND FOR A FIFTH
AFFIRMATIVE DEFENSE</u>

5. Plaintiff does not have subject matter jurisdiction.

<u>AS AND FOR A SIXTH
AFFIRMATIVE DEFENSE</u>

6. Plaintiff has failed to state a cause of action for trademark dilution.

<u>AS AND FOR A
FIRST COUNTERCLAIM</u>

1. Plaintiff action is entirely frivolous and defendants demand payment of all legal fees and costs incurred.

<u>AS AND FOR A
SECOND COUNTERCLAIM</u>

2. Plaintiff's claim for copyright infringement is frivolous, devoid of factual basis and as a result when defendant prevails, defendants will seek legal costs and fees.

WHEREFORE defendants demand that plaintiff's action be dismissed in it entirety and counterclaims be granted.

Dated: July 3, 2007

_____
PAUL M. MILLMAN, ESQ.
399 Knollwood Rd.
White Plains, NY 10603
914-684-6518

berlent-bryant-answer-may