```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

ANNE BRYANT, ELLEN BERNFELD,
AND GLORYVISION, LTD.,
                                      Index # 07-CIV 3050
              Plaintiffs,
    -against-
                                      ANSWER, AFFIRMATIVE
EUROPADISK, LTD., MEDIA RIGHT         DEFENSES AND COUNTER-
PRODUCTIONS, INC., VERY COOL          CLAIMS
MEDIA, INC., DOUGLAS MAXWELL,
THE ORCHARD ENTERPRISES, INC.
AND RUSSELL J. PALLADINO,

              Defendants.
---------------------------------x
```

Defendants Media Right Productions, Inc., Douglas Maxwell, and The Orchard Enterprises, Inc., by their attorneys, Shelowitz Broder LLP, answer Plaintiffs' complaint as follows:

  1.  Deny the allegation in paragraphs 1, 2, 3 and 4 as there is no basis for jurisdiction.

  2.  Deny the allegation in paragraphs 6 and 7.

  3.  Deny knowledge or information sufficient to form a belief as to the allegations in paragraphs 8, 9, 10, 11, 13 and 14.

  4.  Deny the allegations in paragraph 17.

  5.  Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18.

6. As to Defendant The Orchard, deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 18 through 21, inclusive.

7. As to Defendants Media Right and Maxwell, deny the allegation of paragraph 21 and 24 as no accounting has ever been duly requested and when brought to the attention of Media Right as a result of lawsuit herein, accounting was immediately provided. In addition, total gross sales were less than four hundred dollars so Media Right was unaware that "earnout" had occurred.

8. As to Defendants The Orchard and Douglas Maxwell, deny the allegation contained in paragraph 22 and 24.

9. As to the allegations contained in paragraph 23, except for sales through, The Orchard denies knowledge or information sufficient to form a belief.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 26, 27, 28, 29 and 30.

11. Deny the allegations contained in paragraphs 30, 31, 34, 36 and 37.

12. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 39, 40 and 41.

13. Deny allegations contained in paragraphs 42 through 47.

14. As to the allegations contained in paragraphs 49 through 56, Defendant The Orchard denies knowledge or information as to the allegations contained in paragraph 49 through 56 with the exception that The Orchard, pursuant to contract with Defendant Media Right, did accept assignment to sell product on The Orchard.

15. As to Defendants Media Right Productions and Douglas Maxwell, except for obtaining listing on The Orchard by Media Right Productions, pursuant to agreement dated August 8, 1999, deny the allegations contained in paragraphs 49 through 56.

16. As to Defendant The Orchard, deny knowledge or information sufficient to form a belief as to the allegations in paragraphs contained in paragraphs 58, 59, 64, 66 and 67.

17. Deny the allegations contained in paragraph 61 and 63.

18. As to Defendant Media Right Productions and Douglas Berlent, deny the allegations contained in paragraph 67.

19. As to Defendant The Orchard, deny the allegations contained in paragraph 69, 70 and 73.

20. As to Defendant The Orchard, deny knowledge or information sufficient to form a belief as to the allegations in paragraphs 71 and 72.

21. As to Defendants Media Right Productions and Douglas Maxwell, deny the allegations contained in paragraphs 69, 70, 71, 72 and 73.

22. As to Defendants The Orchard and Douglas Maxwell, deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 75, 76 and 77.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The complaint fails to state a cause of action for copyright infringement.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred by laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are time barred by statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Complaint fails to state a cause of action for accounting.

<u>AS AND FOR A FIFTH
AFFIRMATIVE DEFENSE</u>

5. Plaintiffs do not have subject matter jurisdiction.

<u>AS AND FOR A SIXTH
AFFIRMATIVE DEFENSE</u>

6. Plaintiffs have failed to state a cause of action for trademark dilution.

<u>AS AND FOR A
FIRST COUNTERCLAIM</u>

1. Plaintiffs' action is entirely frivolous and Defendants demand payment of all legal fees and costs incurred.

<u>AS AND FOR A
SECOND COUNTERCLAIM</u>

2. Plaintiffs' claim for copyright infringement is frivolous, devoid of factual basis, and as a result when Defendants prevail, Defendants will seek legal costs and fees.

WHEREFORE Defendants demand that Plaintiffs' action be dismissed in it entirety and counterclaims be granted.

Dated: January 21, 2008

_____
Mitchell C. Shelowitz
Shelowitz Broder LLP
11 Penn Plaza, 5th Floor
New York, NY 10001
Tel.: (212)655-9384