MONAGHAN, MONAGHAN, LAMB &
MARCHISIO, LLP
401 East 65th Street, Ste. 10C
New York, New York 10065
Tel: (212) 541-6080
Fax: (212) 541-6994
         -and-
28 W. Grand Avenue
Montvale, New Jersey 07645
Tel:  (201) 802-9060
Fax:  (201) 802-9066

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ANNE BRYANT, ELLEN BERNFELD,
and GLORYVISION, LTD.,

                                 Plaintiffs,

  -against-

EUROPADISK, LTD., MEDIA RIGHT
PRODUCTIONS, INC., VERY COOL MEDIA,
INC., DOUGLAS MAXWELL, THE ORCHARD
ENTERPRISES, INC. and RUSSELL J.
PALLADINO,

                                 Defendants.
------------------------------------------X

Doc. No. 07-Civ-3050 (CLB)

**DECLARATION OF ANNE BRYANT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

    I, Anne Bryant, declare under penalty of perjury in accordance with the law of The State of New York where I am temporarily located, the following:

    1.   I am a Plaintiff in this action and reside at 990 Bogey Lane, Longboat Key, Florida. I submit this Declaration in Support of Plaintiffs' Motion for Summary Judgment as to Liability.

**EXHIBITS ANNEXED HERETO**

2.   Attached to this Declaration are the following exhibits which I believe to be true and accurate:

Ex. A -   Gloryvision / Media Right Agreement

Ex. B -   Copyright Registrations on file with the United States Copyright Office for the subject recordings, artwork, lyrics and accompanying text.

Ex. C -   Amazon.com listing for Songs For Cats

Ex. D -   Amazon.com listing for Songs For Dogs

Ex. E -   Rhapsody.com listing for subject recordings

Ex. F -   iTunes listing for subject recordings

Ex. G -   List of Orchard Partners

Ex. H -   The Orchard listings for Songs For Dogs/Cats

Ex. I -   BMI Clearance information for the subject recordings

**BACKGROUND**

3.   I am an accomplished composer, arranger, lyricist, music producer and songwriter and have won industry awards for my compositions including Clio Awards.

4.   I am an officer of Gloryvision, LTD ("Gloryvision"), a Plaintiff in this action.

5.   Gloryvision is a corporation duly organized and existing under the laws of the State of New York with its principal place of business at 21 Collaberg Road, Stony

Point, NY 10980-0561.

6. I composed, arranged, performed and recorded the music tracks for each of the songs I created and produced with Plaintiff Ellen Bernfeld that appear on the concept *albums,* Songs For Dogs And The People Who Love Them ("Songs For Dogs") and Songs For Cats And The People Who Love Them ("Songs For Cats") compilation that are the subject of this litigation.

7. Furthermore, along with Ellen Bernfeld, I wrote the story of the entertainment properties, Songs for Dogs and Songs for Cats expressed in the accompanying texts that I authored.

8. Through Gloryvision, Ellen Bernfeld and I have sold thousands of copies of these recordings, received much publicity and have had national television exposure. The recordings were a success for Gloryvision and were products that we sought to expand.

9. At issue are the following twenty (20) musical compositions:

       a. *The No Song;*
       b. *If I Only Had a Thumb;*
       c. *I Stole The Christmas Pie;*
       a. *Please Don't Forget My Birthday;*
       b. *The Very First Dog;*
       c. *Do The Doggie Salsa;*
       d. *I Been Cryin' All Night Since You're Gone;*

    e.    *Follow The Bone Lady;*
    f.    *Tomorrow's Another Day;*
    g.    *Could You Be An Angel?;*
    h.    *I'm Sweetie The Gourmet;*
    i.    *Curious x9;*
    j.    *Oh, My Little Sushi;*
    k.    *The Scat Cat;*
    l.    *Watchin' Purry Mason;*
    m.    *I Pray For The World (A Christmas Prayer);*
    n.    *Allergic To You;*
    o.    *Catrina, The Ballerina;*
    p.    *Where Will I Sleep Tonight;* and
    q.    *I'm Purrfect.*

## **THE COPYRIGHTS**

10. Each of these tracks has been personally copyrighted with the United States Copyright Office either individually or/and as part of the complete compilation upon which they appear (Songs for Dogs & Songs for Cats). *See* Exhibit "B" Annexed hereto.

11. Each of the respective copyrights for each of the compositions listed above are held by myself, Ellen Bernfeld or Gloryvision. *See* Exhibit "B" Annexed hereto.

12. In addition to the copyrights for each of the musical recordings listed above, the lyrics and text associated with each are also registered by myself, Ellen Bernfeld or Gloryvision. *See* Exhibit "B" Annexed hereto.

13. All of the cover art and illustrations that we commissioned that appears in the cassette, compact disc and associated books are copyrighted by myself, Ellen Bernfeld

or Gloryvision. *See* Exhibit "B" Annexed hereto.

**DEALINGS WITH MEDIA RIGHT**

14. Gloryvision and Media Right entered into an agreement in February 2000 for the distribution of the compact disc and cassette copies of Songs For Dogs and Songs For Cats. *See* Exhibit "A" annexed hereto. This Agreement conveyed no intellectual property rights whatsoever including no copyrights and no authority to do anything other than promote the sale of physical copies which we supplied from our inventory. *See* Exhibit "A" annexed hereto.

15. Based upon the terms of the agreement and Gloryvision's understanding of the terms of the agreement, Media Right was to use its best efforts to market and promote these recordings to catalogs, shopping networks, internet sites[1], retailers and wholesalers in exchange for twenty percent of all gross sales under the agreement. *See* Exhibit "A" annexed hereto.

16. In accordance with the agreement, Media Right was to notify Gloryvision in writing regarding all orders. *See* Exhibit "A" annexed hereto. Under the agreement,

---

[1] At the time of this agreement, the referral to "internet sites" was with respect to sales of physical copies of the compact discs and cassettes to online retailers such as amazon.com, cdnow.com, musicblvd.com, etc. As of February 2000, there were no legal online download sites such as iTunes nor did we seek to sell digital versions of our recordings at that time.

Gloryvision was to maintain stock of the products and to ship the products to a specified vendor upon notification from Media Right. *See* Exhibit "A" annexed hereto.

17. With respect to payment, Media Right productions was responsible for the collection of funds and was to pay Gloryvision its specified share within seven days of Media Right's receipt of payment. *See* Exhibit "A" annexed hereto.

18. Furthermore, Media Right was to supply Gloryvision with a monthly report of marketing and promotion activities done on its behalf. *See* Exhibit "A" annexed hereto.

19. The agreement also acknowledged that Gloryvision was (and remains) the owner of all copyrights and rights pursuant to these recordings. *See* Exhibit "A" annexed hereto.

20. According to the terms of the agreement, drafted by Media Right, the agreement to sell physical compact discs and tapes provided by Plaintiffs' to Media Right expired in 2003. *See* Exhibit "A" annexed hereto.

21. The business conduct between Gloryvision and Media Right parties demonstrates that the there was no agreement in effect between Gloryvision and Media Right to sell physical copies as of February 2003 and **never** an agreement between Media Right and Gloryvision to authorize

digital copies to be made and distributed by any third parties including The Orchard.

22. For the duration of the agreement and five years after, neither I nor Gloryvision received a single invoice, statement, check, letter, telephone call or any other notice from any Defendant regarding the sales or distribution of my products.

23. At no time did I nor Gloryvision authorize Media Right or any other third party the right to reproduce copies of any of the copyrighted musical recordings, artwork, lyrics, text, packaging or any other intellectual property associated with Songs for Dogs or Songs for Cats.

24. At no time did I nor Gloryvision license or assign the copyrights held by myself, Ellen Bernfeld or Glorvision to any other party.

25. Neither I nor Gloryvision have ever received any royalty statements, checks or copies of any third party agreements regarding sales of any of the copyrighted recordings, text or images, described above from Defendants Media Right Productions, Douglas Maxwell (a/k/a Douglas Berlent), or The Orchard Enterprises, Inc. ("The Orchard").

## I DISCOVERED *COPIES* OF MY MUSIC SOLD ONLINE

26. In the summer of 2006, while browsing on the Internet, I saw recordings titled "Songs For Dogs and The People Who Love Them" and "Songs For Cats and The People Who Love Them" listed on amazon.com.

27. Although this was not unusual because Gloryvision also sold physical copies of Songs For Dogs and Songs For Cats through amazon.com, these were recordings with names identical to the Gloryvision copies but were credited to The Orchard and Media Right Productions. *See* Exhibits "C" and "D" annexed hereto.

28. In fact, as of May 15, 2008, these recordings were still listed on Amazon.com with Media Right Productions credited as the Artist and The Orchard credited as the record label with the release date of March 20, 2000.[2] *See* Exhibits "C" and "D" annexed hereto.

29. Immediately after I saw these recordings attributed to Media Right and an at the time, unknown third party named "The Orchard," I immediately began a search on the world wide web to see if my recordings were sold anywhere else and by whom.

30. I was surprised to learn that my recordings were

---

[2] Songs for Dogs/Songs For Cats had already been released by Gloryvision well before 2000 and was already sold through Amazon.com by then.

sold not only physically on amazon.com [and also by numerous 3rd party sellers worldwide represented on amazon.com] and attributed to Media Right and The Orchard but also as digital downloadable copies through a multitude of download services such as iTunes and Rhapsody. *See* Exhibits "E" and "F" annexed hereto.

### Rhapsody

31. On Rhapsody.com, a full list of all my copyrighted recordings was listed, with full cover art displayed on the screen. The original trademark names of the original characters associated with each song were also listed. In addition, not only could you purchase individual tracks, but you could also stream (listen without downloading these tracks up to 4xs for free) as an introductory offer to potential subscribers of a monthly membership plan through Rhapsody. *See* Exhibit "E" annexed hereto.

32. With a free trial membership to Rhapsody.com, you could download and stream high fidelity digital copies of each of the recordings listed above.

33. Nowhere was Gloryvision or myself or Ellen Bernfeld credited with any of the recordings sold or credited with any of the recordings sold or streamed by Rhapsody. However, the record label listed for the

recordings was "Orchard". *See* Exhibit "E" annexed hereto.

### iTunes

34. On iTunes, another internet music downloading service, I again found my copyrighted recordings sold not only individually and track by track, but also with the complete cover art and original character names listed alongside each song. Furthermore, the artist listed for these recordings was "Media Right Productions" and the release date was February 8, 2000. *See* Exhibit "F" annexed hereto.

35. Most importantly, on iTunes, there was a copyright notice claiming that Media Right held the copyright to the subject recordings. *See* Exhibit "F" annexed hereto containing the following text "℗ 2000 MEDIA RIGHT."

36. Upon further investigation, I discovered who the Orchard was and that they were distributing digital copies of my music to their digital partners. See Exhibit "G" annexed hereto containing a listing of The Orchard's "digital stores," "cd stores," and "mobile partners."

37. A search of The Orchard's website also showed that they were acting as the digital distributor of the copyrighted recordings listed above. *See* Exhibit "H"

annexed hereto.

38. The Orchard website listed "Songs For Dogs" and "Songs For Cats" as available through their digital partners. It also listed the Artist as Media Right Productions and the Label as Media Right. Furthermore, there was a different UPC code assigned than the UPC code assigned to the compilations by Gloryvision. *See* Exhibit "H" annexed hereto.

### COPYRIGHTS WERE NEVER TRANSFERRED OR ASSIGNED

39. Neither I nor Gloryvision purported to transfer any copyrights or intellectual property to Media Right by any means at any time.

### THE PRODUCTS WERE DISMEMBERED AND BUTCHERED BY DEFENDANTS

40. Each of the copyrighted recordings were gift packaged and sold by Gloryvision with a fully illustrated, colorful books that told the original story of each of the concept albums. These recordings were intended to be sold along with the illustrated book as physical compilations only).

41. It was never Gloryvision's intent to sell the tracks individually, for a price significantly less than the retail version of the packaged physical compact disc so

as to cause Gloryvision to lose sales of physical inventory to digital copies that were inferior to the authentic high fidelity physical recordings released by Gloryvision.

42. By selling thousands of inferior digital copies track by track through countless "digital partners" worldwide, Defendants harmed the reputation, good will and trademarks associated with Songs For Dogs and Songs For Cats.

**EACH OF THE RECORDINGS WAS REGISTERED WITH BMI FOR THE COLLECTION OF PUBLIC PERFORMANCE AND STREAMING ROYALTIES**

43. Each of the copyrighted recordings was registered with BMI (Broadcast Music Inc.) for payment and clearance of public performance royalties. See Exhibit "I" annexed hereto.

44. Each stream on the online music services that partnered with The Orchard (including but NOT limited to Rhapsody.com) is required to pay streaming income to BMI on behalf of the music publisher (Gloryvision) and the songwriters (Ellen Bernfeld and myself) for each stream.

45. To date, neither, I nor Gloryvision have received a single payment of stream income related to online public performance from any of the online digital music services that were digital partners with The Orchard.

46. It is my opinion that all streaming income could

Media Right claimed not only copyright but also acted as either Artist and/or record label for each of the copyrighted recordings thereby precluding payment of any performance royalties due to Gloryvision.

47. Based upon the foregoing, I and on behalf of Gloryvision, request that the Court grant Plaintiffs' Motion for Partial Summary Judgment as to liability.

I hereby declare the foregoing to be true to the best of my knowledge and recollection under penalty of perjury as to those matters known to me.

Dated: June 6, 2008

*[signature]*

Anne Bryant