```
MONAGHAN, MONAGHAN, LAMB &
MARCHISIO, LLP
401 East 65th Street, Ste. 10C
New York, New York 10065
Tel: (212) 541-6080
Fax: (212) 541-6994
      -and-
28 W. Grand Avenue
Montvale, New Jersey 07645
Tel:  (201) 802-9060
Fax:  (201) 802-9066
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANNE BRYANT, ELLEN BERNFELD,
and GLORYVISION, LTD.,                    Doc. No. 07-Civ-3050 (CLB)

                        Plaintiffs,    **PLAINTIFFS'
STATEMENT OF MATERIAL
FACTS IN SUPPORT OF
MOTION FOR SUMMARY
JUDGMENT FOR LIABILITY
AS TO ALL COUNTS
PURSUANT TO F.R.C.P.
R. 56**

-against-

EUROPADISK, LTD., MEDIA RIGHT
PRODUCTIONS, INC., VERY COOL MEDIA,
INC., DOUGLAS MAXWELL, THE ORCHARD
ENTERPRISES, INC. and RUSSELL J.
PALLADINO,
                        Defendants.
------------------------------------X

    Plaintiffs, for their statement of material facts, genuinely not in dispute, allege:

## THE PARTIES

    1.    Plaintiff Anne Bryant is a citizen and resident of the State of Florida residing at 990 Bogey Lane, Longboat Key, Florida. *See* Declaration of Anne Bryant at ¶1.

    2.    Plaintiff Ellen Bernfeld is a citizen and resident of the State of Florida residing at 990 Bogey Lane, Longboat Key, Florida. *See* Declaration of Ellen Bernfeld at ¶1

3.      Plaintiff Gloryvision, LTD. is a corporation duly organized and existing under the laws of the State of New York with its principal place of business at 21 Collaberg Road, Stony Point, NY 10980-0561. See New York State Department of State, Division Of Corporations Entity Information for Gloryvision, LTD. annexed hereto as Exhibit "A."

4.      Defendant Media Right Productions, Inc., is a corporation organized under the laws of the State of New York with its principal place of business at 324 West 23rd Street, Suite 3B, New York, New York 10011.  See Deposition Transcript of Douglas Maxwell annexed to the Affidavit of Patrick J. Monaghan as Exhibit "D" at page 7:11-15.

5.      Defendant The Orchard Enterprises, Inc. ("The Orchard") is upon information and belief, a Corporation organized under the laws of the State of New York with its principal place of business at 133 5th Avenue, 7th Floor, New York, New York 10003.  See Deposition Transcript of Jason Pascal annexed to the Affidavit of Patrick J. Monaghan as Exhibit "E" at page 10:7-12.

6.      Plaintiffs, Anne Bryant and Ellen Bernfeld and their record label, Gloryvision, Ltd., created, produced and marketed two musical products titled Songs For Dogs and Songs For Cats in approximately 1995-1997. See Declaration of Anne Bryant at ¶6-7 and the Declaration of Ellen Bernfeld at ¶5-6.

## THE COPYRIGHTS

7.  The products were sold and distributed by the Plaintiffs on both compact disc and audiocassette and were also made available with a full color storybook. *See* Declaration of Anne Bryant at ¶8 and 40. Included amongst the copyrighted musical compositions were the following tracks:

   a.  *The No Song;*
   b.  *If I Only Had a Thumb;*
   c.  *I Stole The Christmas Pie;*
   d.  *Please Don't Forget My Birthday;*
   e.  *The Very First Dog;*
   f.  *Do The Doggie Salsa;*
   g.  *I Been Cryin' All Night Since You're Gone;*
   h.  *Follow The Bone Lady;*
   i.  *Tomorrow's Another Day;*
   j.  *Could You Be An Angel?;*
   k.  *I'm Sweetie The Gourmet;*
   l.  *Curious x9;*
   m.  *Oh, My Little Sushi;*
   n.  *The Scat Cat;*
   o.  *Watchin' Purry Mason;*
   p.  *I Pray For The World (A Christmas Prayer);*
   q.  *Allergic To You;*
   r.  *Catrina, The Ballerina;*
   s.  *Where Will I Sleep Tonight;* and
   t.  *I'm Purrfect.*

See Declaration of Anne Bryant at ¶9.

## COPYRIGHT REGISTRATION

8.  The twenty musical and lyrical compositions listed above are registered by Plaintiffs with the United States Copyright Office and the registration of these compositions is a matter of public record. *See* Exhibit "B" annexed to the Anne Bryant Declaration ("Bryant Declaration") at ¶10-11.

9.  Plaintiffs are the owners of the exclusive rights to

reproduce and distribute, and to authorize the reproduction and distribution of the musical recordings listed above. *See* Bryant Declaration at ¶11.

10. In addition to the copyrighted musical compositions listed above, Plaintiffs retained the copyrights in the artwork and packaging associated with the recording album compilations "Songs for Dogs and the people who love them" and "Songs for Cats and the people for love them." *See* Bryant Declaration at ¶12-13 and Exhibit "B" annexed to the Bryant Declaration.

### THE TRADEMARKS

11. Plaintiff Gloryvision, Ltd. is the owner of the copyrights with respect to the foregoing compositions. Plaintiffs have at all relevant times and continuously for over five (5) years have used the above marks to identify their product merchandise recordings and distinguished those from those made and sold by others, by among other things, displaying a claimed mark on the CD and cassette packaging. *See* Bryant Declaration at ¶11.

### TRADE DRESS

12. Plaintiffs developed the artwork, logos, trade dress, and descriptions associated with the foregoing compositions which were used by Plaintiffs for marketing and packaging of the products. *See* Affidavit of Anne Bryant at ¶13.

## THE MEDIA RIGHT / GLORYVISION AGREEMENT

13. On or about February 24, 2000, Plaintiff Gloryvision and Defendant Douglas Maxwell a/k/a Douglas Berlent on behalf of Media Right entered into a thirty six (36) month agreement ("the Media Right agreement") where Media Right was granted the authority to act as agent and representative, on a non-exclusive basis to market the CDs and tapes titled "Songs For Dogs" and "Songs For Cats" containing the copyrighted compositions, artwork, logos and packaging described above. *See* Exhibit "A" annexed to the Bryant Declaration - Gloryvision/Media Right Agreement dated February 24, 2000.

14. As part of the agreement, Media Right was to use its best efforts to market and promote these recordings to catalogs, shopping networks, internet sites, retailers and wholesalers in exchange for twenty percent of all gross sales under the agreement. See Exhibit "A" annexed to the Bryant Declaration.

15. The Media Right agreement did not convey any right to manufacture or make copies (physical or digital) of any of the copyrighted recordings contained within the tangible compact discs and cassettes. See Declaration of Anne Bryant at ¶39.

## THE ORCHARD / MEDIA RIGHT AGREEMENT

16. On February 1, 2000, twenty three (23) days before the effective date of the Media Right/Gloryvision agreement, Media Right entered into an agreement with The Orchard "…to distribute the aforementioned copyrighted musical recordings and associated

artwork through any and all means and media know known or ............" *See* Exhibit "A" annexed to the Monaghan Declaration; *see also* Testimony of Jason Pascal, Corporate Counsel for The Orchard at Exhibit "E" at page 41:20-25 - deposition of Jason Pascal annexed to the Monaghan Affirmation.

17. As of 2000, The Orchard sold tangible copies of the subject musical compilations. *See* Deposition of Jason Pascal annexed to the Monaghan Declaration as Exhibit "E" at p. 42:14-20.

18. Sometime thereafter, The Orchard, through its digital partners, sold and/or distributed digital copies of Plaintiffs' copyrighted musical recordings, listed above, and reproduced copyrighted artwork associated with Plaintiff's recordings in conjunction with those sales which were ultimately displayed on third party websites that were distributed content provided by The Orchard on behalf of Media Right. *See* Exhibit "F" annexed to the Monaghan Declaration; *see also* Exhibits "C-H" annexed to the Bryant Declaration.

19. At least 4,605 digital copies were sold by The Orchard through its digital partners. See Exhibit "F" annexed to the Monaghan Declaration.

20. Plaintiffs have never received any payment from Media Right or The Orchard for any sales. *See* Declaration of Anne Bryant at ¶25; *see also* Declaration of Ellen Bernfeld at ¶23.

21. Plaintiffs have never received any statements or accountings from Media Right or The Orchard regarding any sales of

Songs for Dogs/Songs for Cats *except* as produced in this litigation. *See* Declaration of Anne Bryant at ¶25; *see also* Declaration of Ellen Bernfeld at ¶23.

22. If Media Right required additional copies to sell and/or distribute, they were to request additional copies from Gloryvision. *See* Exhibit "A" annexed to the Bryant Declaration.

DATED: Montvale, New Jersey
       June 6, 2008

                            MONAGHAN, MONAGHAN, LAMB &
                            MARCHISIO, LLP

By: _____
    Patrick J. Monaghan, Jr. (PJM6297)
    Attorneys for Plaintiffs
    401 East 65th Street, Ste. 10C
    New York, New York 10019
    Tel: (212) 541-6980
    Fax: (212) 541-6994

        -and-

    28 West Grand Avenue
    Montvale, New Jersey 07645
    Tel: (201) 802-9060
    Fax: (201) 802-9066

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: GLORYVISION, LTD.

Selected Entity Status Information

**Current Entity Name:** GLORYVISION, LTD.
**Initial DOS Filing Date:** FEBRUARY 21, 1992
**County:** WESTCHESTER
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
ANNE BRYANT
ELLEN BERNFELD
21 COLLABERG RD
STONY POINT, NEW YORK, 10980-0418

**Chairman or Chief Executive Officer**
ANNE BRYANT
PO BOX 418
21 COLLABERG ROAD
STONY POINT, NEW YORK, 10980-0418

**Principal Executive Office**
ELLEN BERNFELD
PO BOX 561
21 COLLABERG ROAD
STONY POINT, NEW YORK, 10980-0418

**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page