

**SB** SHELOWITZ NEW YORK ISRAEL BRODER

Mitchell C. Shelowitz
Tel. (212) 655-9384
Fax. (646) 328-4569
mshelowitz@shelbro.com

December 4, 2007

<u>**Via Email and First Class U.S. Mail**</u>

Patrick Monaghan, Esq.
Michael Korik, Esq.
Monaghan, Monaghan, Lamb & Marchisio, LLP
28 West Grand Avenue
Montvale, New Jersey 07645

    Re:   <u>**Anne Bryant, et al v. Media Right, et al.: Index No: 07 CV 3050(CLB)**</u>

Dear Pat and Michael:

    This letter is further to our various discussions and repeated attempts to seek a settlement in the above matter on behalf of our clients, which started as early as May, 2007 by Defendants' former counsel, and our firm since October 9, 2007. Despite our numerous requests, we still have not received from you a counterproposal to our settlement offer, nor any reasonable support for the claims in the plaintiffs' complaint. Instead, we have seen changing theories of the case, none of which, based upon our research and the facts, are supported by applicable law.

    The actual damages, if any, to your clients is approximately $382.86, the amount of royalties that Media Right Productions, Inc. ("**Media Right**") inadvertently omitted to send your clients pursuant to the Representation Agreement (the "<u>**Gloryvision Agreement**</u>"). We have made a good faith offer to settle this case in the amount of $3,000, almost ***ten (10) times*** this amount, in order to allow you to go back to your clients showing a victory, and at the same time, giving our clients closure and the chance to get back to business as usual. Other than rejecting this offer and telling us that your clients believe they are entitled to much more, you have not provided any basis to continue the discussions.

    Based upon the foregoing, we wish to inform you that our clients intend to seek reimbursement of their attorneys fees and costs incurred in defending this objectively unreasonable law suit. These fees currently exceed $10,000 and are increasing as our work continues.



**SHELOWITZ NEW YORK ISRAEL BRODER**

Letter to Pat Monaghan, Michael Korik
December 4, 2007
Page 2

As held by the Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994), under § 505 of *The Copyright Act of 1976*, 17 U.S.C. § 50, and as followed by the courts in the Second Circuit, if a copyright claim is "clearly without merit or otherwise patently devoid of legal or factual basis, the claim ought to be deemed objectively unreasonable and an award of attorneys fees and costs is proper." *Chivalry Film et al v. NBC Universal, Inc.*, 2007 U.S. Dist. Lexis 86889 *4-5, 7 (S.D.N.Y. 2007) (*internal quotations omitted*); see also See* Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 121 (2d Cir. 2001); *Ernst Haas Studio, Inc., v. Palm Press, Inc.*, 2005 U.S. Dist. LEXIS 3417 (S.D.N.Y. 2005); *Arclightz and Films Pvt, et al. v. Video Palace*, 2003 U.S. Dist Lexis 19086 *18. (S.D.N.Y. 2003).

There is an avalanche of legal support for the award of attorneys fees and costs to our clients in this case and our clients intend to seek reimbursement from plaintiffs for the legal expenses to defend a case that has been wrongly thrust upon them. In one particularly relevant case, *Baker v. Urban Outfitters*, 431 F. Supp 2d 351 (S.D.N.Y. 2006), the defendant inadvertently infringed plaintiff's copyright. The defendant apologized for the mistake and repeatedly offered settlements in amounts more than twice what the defendant received from the inadvertent infringement. As the court explained, the plaintiff "refused the offer out of hand, insisting instead that he was entitled to more than a million dollars." *Id.* At 357.

In *Baker*, the court found that the plaintiff was not motivated to file and maintain the lawsuit to recover defendant's profits or any fair and reasonable multiple thereof. In fact, "rather than pursuing resolution of a fairly minor dispute in good faith, the record suggests that [plaintiff] (and his counsel) filed and maintained this suit in an attempt to extract a significant payment from perceived 'deep pocketed' defendants . . . ." *Id.* at 358. On this basis, the court awarded defendants the amount of **$454,184.00** in attorneys fees and costs payable by plaintiff and its counsel.

In the current case, the Gloryvision Agreement authorized our clients to sell your clients' recordings, and therefore, we do not believe that any claim for infringement can be proved. Nevertheless, even if we stretch the facts to support a claim of infringement, any such infringement was unintentional, the damages were minimal, and our clients have offered to pay ten (10) times the actual amount due to your clients in order to settle the matter.

We believe that the conditions for obtaining defendants' legal fees and costs have clearly been met here and we intend to press forward accordingly.

Very truly yours,

Mitchell C. Shelowitz