MONAGHAN, MONAGHAN, LAMB &
MARCHISIO, LLP
401 East 65th Street, Ste. 10C
New York, New York 10065
Tel: (212) 541-6080
Fax: (212) 541-6994
        -and-
28 W. Grand Avenue
Montvale, New Jersey 07645
Tel:  (201) 802-9060
Fax:  (201) 802-9066

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ANNE BRYANT, ELLEN BERNFELD,
and GLORYVISION, LTD.,                    **Doc. No. 07-Civ-3050** (CLB)


                        Plaintiffs,   **PLAINTIFFS'
                                      COUNTER STATEMENT OF
   -against-                          MATERIAL FACTS IN
                                      OPPOSITION TO
                                      DEFENDANT'S RULE 56.1
EUROPADISK, LTD., MEDIA RIGHT         STATEMENT**
PRODUCTIONS, INC., VERY COOL MEDIA,
INC., DOUGLAS MAXWELL, THE ORCHARD
ENTERPRISES, INC. and RUSSELL J.
PALLADINO,
                        Defendants.
----------------------------------------X

     Plaintiffs, for their counter-statement of material facts,

dispute the following facts alleged by Defendants:

**Defendants' Statement:**

     10.  "Plaintiff, Gloryvision, Ltd. ("Gloryvision")and Media

Right, entered into a ***music*** representation agreement (the

"Gloryvision Agreement,") in February of 2000.  *See* Gloryvision

Agreement set forth in Defendants' Exhibit 1." (***emphasis*** added)

**Counter-Statement**:

1.    The Agreement was not a "music" representation agreement but a "product" representation agreement. Plaintiff, Ellen Bernfeld, on behalf of Gloryvision, and Media Right, entered into a product representation agreement for "Media Right Productions….to act as agent and representative, on a non-exclusive basis, for the CDs and tapes entitled 'Songs For Dogs' and 'Songs For Cats', and 'Songs For Dogs CD and Book.'" *See* Gloryvision Agreement set forth in Defendants' Exhibit 1 at ¶1.

**Defendants' Statement:**

11.    The Gloryvision Agreement authorized Media Right to "act as agent and representative" of Gloryvision with respect to Gloryvision's recordings entitled "Songs for Dogs and "Songs for Cats" (the "Gloryvision Recordings"). *See* Maxwell Deposition at ¶¶2-5, p.76; ¶¶8-10, p.77; *See* Bernfeld Deposition at ¶¶20-23, p.77; §§2-3 pf the Gloryvision Agreement.

**Counter-Statement**:

2.    Plaintiff, Ellen Bernfeld, on behalf of Gloryvision, and Media Right, entered into a product representation agreement for "Media Right Productions….to act as agent and representative, on a non-exclusive basis, **for the CDs and tapes entitled** 'Songs For Dogs' and 'Songs For Cats', and 'Songs For Dogs CD and Book.'" *See* Gloryvision Agreement set forth in Defendants' Exhibit 1 at

¶1.(*emphasis added*).

**Defendants' Statement:**

17.  Pursuant to the Gloryvision Agreement, Media Right marketed the Gloryvision Recordings by reaching out to pet-related retailers, such as Pets.com, and posted marketing materials for the Gloryvision Recordings on the Media Right website. *See* Maxwell Affidavit at ¶¶21 and Gloryvision Agreement set forth in Defendants' Exhibit 1.

**Counter-Statement:**

3.  Pursuant to the Gloryvision Agreement, Media Right marketed the Gloryvision Recordings by reaching out to pet related retailers, such as Internet site Pets.com, and posted marketing materials for the Gloryvision Recordings on the Media Right website to promote the sales of the CDs and tapes entitled "Songs For Dogs" and "Songs For Cats." See Maxwell Affidavit at ¶¶21 and Gloryvision Agreement set forth in Defendants' Exhibit 1.

**Defendants' Statement:**

19.  Mr. Maxwell believed that the Gloryvision Agreement authorized him to sell and distribute the Gloryvision Recordings pursuant to The Orchard Agreement.  *See* Maxwell Affidavit at ¶¶28.

**Counter-Statement:**

4.  Mr. Maxwell's erroneous beliefs are not an undisputed fact and are not accepted by Plaintiffs.

**Defendants' Statement:**

32.  Media Right continued to perform under the Gloryvision
Agreement under the assumption that it was still in effect.  See
Maxwell Affidavit at ¶¶25.

**Counter-Statement:**

5.    The Gloryvision Agreement was breached even before it was
signed by Gloryvision and was continuously breached until all
digital copies of the "Songs For Dogs" and "Songs For Cats" ceased
to be digitally distributed by Defendants. On February 1, 2000,
twenty three (23) days before the effective date of the Media
Right/Gloryvision agreement, and without authority Media Right
entered into an agreement with The Orchard "…to distribute the
aforementioned copyrighted musical recordings and associated
artwork through any and all means and media know known or …………" *See*
Exhibit "A" annexed to the Monaghan Declaration; *see also* Testimony
of Jason Pascal, Corporate Counsel for The Orchard at Exhibit "E"
at page 41:20-25. Moreover, Plaintiffs have never received any
payment from Media Right or The Orchard for any sales. *See*
Declaration of Anne Bryant at ¶25; *see also* Declaration of Ellen
Bernfeld at ¶23. Plaintiffs have never received any statements or
accountings from Media Right or The Orchard regarding any sales of
Songs for Dogs/Songs for Cats *except* as produced in this
litigation. *See* Declaration of Anne Bryant at ¶25; *see also*
Declaration of Ellen Bernfeld at ¶23. Furthermore, if Media Right
required additional copies to sell and/or distribute, they were to

request additional copies from Gloryvision. *See* Exhibit "A" annexed to the Bryant Declaration.

**Defendants' Statement:**

36.   Mr. Maxwell has never sought to take credit for the Gloryvision Recordings, nor represented to anyone that Media Right owned the copyrights in the Gloryvision Recordings.  See Maxwell Affidavit at ¶¶40,41.

**Counter-Statement**:

6.   The Exhibits presented by Plaintiffs speak for themselves as to representations made by Media Right as to the copyrights and authorship of "Songs For Cats" and "Songs For Dogs." *See* Exhibits "C" – "F" annexed to Plaintiff's Motion for Summary Judgment.

**Defendants' Statement:**

37.   The Orchard has never sought to take credit for the Gloryvision Recordings, nor represented to anyone that The Orchard owned the copyrights in the Gloryvision Recordings.  See Pascal Affidavit at ¶¶25.

**Counter-Statement**:

7.   The Exhibits presented by Plaintiffs speak for themselves as to representations made by The Orchard as to the copyrights and authorship of "Songs For Cats" and "Songs For Dogs." *See* Exhibits "C" – "F" annexed to Plaintiff's Motion for Summary Judgment.

**Defendants' Statement:**

40.   With respect to copyrights in the Gloryvision Recordings, Plaintiffs own fourteen (14) potentially relevant registrations,

as follows: (i) nine (9) Performing Arts registrations of separate songs from "Songs for Cats"; (ii) three (3) Sound Recording registrations for both albums and four (4) "Songs for Dogs" singles; and (iii) two (2) Visual Arts registrations for CD artwork of the two CDs. See Plaintiffs' copyright registrations forth in Defendants' Exhibit 9.

**Counter-Statement**:

8.    All of the subject artwork and musical recordings are the subject of valid registered and common law copyrights in effect at the time of the copyright infringement. *See* Exhibit "B" annexed to Plaintiffs' Motion for Summary Judgment.


DATED: Montvale, New Jersey
       June 19, 2008



                                   MONAGHAN, MONAGHAN, LAMB &
                                   MARCHISIO, LLP


                              By: _____
                                   Michael Korik (MK0377)
                                   Attorneys for Plaintiffs
                                   401 East 65th Street, Ste. 10C
                                   New York, New York 10019
                                   Tel: (212) 541-6980
                                   Fax: (212) 541-6994

                                        -and-

                                   28 West Grand Avenue
                                   Montvale, New Jersey 07645
                                   Tel: (201) 802-9060
                                   Fax: (201) 802-9066