UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANNE BRYANT, ELLEN BERNFELD,
and GLORYVISION, LTD.,                                    Doc. No. 07-Civ-3050 (CLB)

                         Plaintiffs,

  -against-


EUROPADISK, LTD., MEDIA RIGHT
PRODUCTIONS, INC., VERY COOL MEDIA,
INC., DOUGLAS MAXWELL, THE ORCHARD
ENTERPRISES, INC. and RUSSELL J. PALLADINO,

              Defendants.
------------------------------------------------------------X


## PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Monaghan, Monaghan, Lamb
& Marchisio, LLP

401 East 65th Street, Ste. 10C
New York, New York 10019
(212) 541-6980
&
28 West Grand Avenue
Montvale, New Jersey 07645
Tel. (201) 802-9060
Fax. (201) 802-9066

Of Counsel:
Michael Korik, Esq.

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................... 1

I.   PLAINTIFFS HAVE MET THEIR BURDEN ON SUMMARY JUDGMENT – ALL ELEMENTS OF PLAINTIFFS CLAIMS HAVE BEEN PROVEN AND DEFENDANTS HAVE FAILED TO OFFER MATERIAL FACTS VS ALLEGED BELIEFS SUFFICIENT TO DEFEAT SUMMARY JUDGMENT FOR PLAINTIFFS ... 3

II.  PLAINTIFFS HAVE SHOWN PROOF OF OWNERSHIP OF THE COPYRIGHTS – REGISTRATION OF THE COPYRIGHTS CREATES A PRESUMPTION OF OWNERSHIP OF THOSE COPYRIGHTS ....................................................................... 5

III. DEFENDANTS' BELIEFS ARE NOT AT ISSUE – COPYRIGHT INFRINGEMENT IS A STRICT LIABILITY OFFENSE AND THE CIRCUMSTANTIAL EVIDENCE DEMONSTRATES WILLFUL INFRINGEMENT .. 6

IV.  PLAINTIFFS NEED NOT REGISTER THEIR TRADEMARKS ............................ 8

V.   DEFENDANTS' RELIANCE ON BAKER v. URBAN OUTFITTERS IS MISGUIDED AND IRRELEVANT ................................................................................. 9

CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

## Cases

Baker v. Urban Outfitters, *431 F.Supp.2d 351, 357 (S.D.N.Y.2006)*..................................9

D'Amico v. City of N.Y., 132 F.3d 145, 149 (2d Cir. 1998). ..............................................4

DeAcosta v. Brown, 146 F.2d 408 (1944), *cert. denied*, 325 U.S. 862 (1945) ...................6

Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 428 (2d Cir. 2001) ...............................3

Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 858, 102 S.Ct. 2182, 2190-2191, 72 L.Ed.2d 606 (1982) ...............................................................................8

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) ..................3

Micro Star v. Formgen Inc., 154 F.3d 1107, 1110 (9th Cir. 1998).......................................5

Pinkham v. Sara Lee Corp., 983 F.2d 824, 829 (8th Cir. 1992)...........................................6

Richtone Design Group, L.L.C. v. Classical Pilates, Inc. 2007 WL 1098706, S.D.N.Y.,2007 .......................................................................................................................9

Thompkins v. Lil' Joe Records, Inc. Slip Copy, 2008 WL 896898, S.D.Fla.,2008...........10

Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F.2d 186, 188 (2d Cir. 1992).................3

## Statutes

§45, 15 U.S.C. §1127..........................................................................................................8

17 U.S.C. §106....................................................................................................................5

17 U.S.C. §410(c) ...............................................................................................................5

## PRELIMINARY STATEMENT

Plaintiffs submit this Memorandum of Law in response to Defendants' Opposition to Plaintiffs' Motion For Partial Summary Judgment and in further support of Plaintiffs' Motion. The facts in support of this case have previously been briefed and submitted to the Court in Declarations by Plaintiffs Anne Bryant, Ellen Bernfeld and Patrick J. Monaghan in Support of Plaintiffs' Motion for Partial Summary Judgment and are relied upon and incorporated by reference into this Memorandum.

Plaintiffs, based on the admissions and undisputed facts, have shown that:

1.  Plaintiffs are the undisputed authors and registered copyright holders of "Songs for Cats" and "Songs for Dogs" *See* Exhibit "B" annexed to the Declaration of Anne Bryant in Support of Plaintiffs' Motion For Partial Summary Judgment.

2.  Defendants Media Right Productions ("Media Right") and The Orchard made and sold thousands of unauthorized digital copies of the copyrighted properties "Songs For Cats" and "Songs For Dogs." *See* Exhibit "F" annexed to Plaintiffs' Motion for Partial Summary Judgment.

3.  The Media Right / Gloryvision Product Representation Agreement granted Media Right a 36 month right to act as agent and representative, on a non-exclusive basis, to market the subject "**products**," CDs and tapes ("Songs for Dogs" & "Songs for Cats") from February 24, 2000 through February 24, 2003. *See* Exhibit "A" annexed to the Declaration of Anne Bryant in Support of Plaintiffs' Motion for Partial Summary Judgment. This is no different and no more than a standard manufacturers' representative agreement to sell physical copies and Defendant Maxwell acknowledged that he knew that it was such an agreement with which Mr. Maxwell had

1

familiarity. *See* Maxwell testimony at pages 47-51 annexed to the Declaration of Patrick J. Monaghan as Exhibit "D".

    4.    Twenty-three days before entering into an agreement with Plaintiffs, Mr. Berlent/Maxwell entered into an agreement with The Orchard whereby The Orchard could sell Plaintiffs' recordings "…by any and all means and media." *See* Exhibit "E" at page 42, lines 3-13 annexed to the Monaghan Declaration in Support of Plaintiffs' Motion for Summary Judgment; *see also* Media Right / Orchard Agreement dated February 24, 2000 annexed to the Monaghan Declaration in Support of Plaintiffs' Motion for Summary Judgment as Exhibit "A." This is an unauthorized cosmic extension of representing Plaintiffs' "product."

    5.    As of 2000, the Orchard sold only physical media. In 2004[1], The Orchard began selling digital copies of Plaintiffs' physical media ostensibly pursuant to the Media Right / Orchard agreement in which Media Right expressly authorized The Orchard to sell "…by any and all means and media." *See* Affidavit of Jason Pascal in Support of Defendants' Motion For Summary Judgment at ¶12; *see also* Exhibit "E" at page 42, lines 3-13 annexed to the Monaghan Declaration in Support of Plaintiffs' Motion for Summary Judgment. Plaintiffs were not parties to and never approved that sale and distribution.

    6.    Nowhere in the four squares of the Product Representation Agreement was there any authority to take Plaintiffs' products apart and dismember the CDs and tapes and sell tracks individually. See Media Right / Orchard Agreement dated February 24, 2000 annexed to the Monaghan Declaration in Support of Plaintiffs' Motion for Summary Judgment as Exhibit "A." This mutilation of an integral product with its art work and related songs cannot be dismissed with a claim of nominal damages.

---

[1] One year after the Media Right / Gloryvision agreement elapsed.

2

7.	Defendants claimed ownership of the copyright and authorship of "Songs For Cats" and "Songs For Dogs" through an attribution of ownership/authorship on various third party websites which were digital download partners with Defendants. *See* Exhibits "C," "D," "E," "F," "G" and "H" annexed to the Anne Bryant Declaration In Support Of Plaintiffs' Motion for Partial Summary Judgment.

8.	Defendant Media Right Productions breached its obligations under the Media Right/Gloryvision Agreement dated February 24, 2000 by:

a. Failing to provide *any* accounting until after this litigation was commenced.

b. Failing to provide *any* payment for any copies of the products that Media Right sold on behalf of Gloryvision.

Defendants have failed to overcome their burden to come forward with admissible and relevant proof that they are *not* liable for each act of infringement and as such, Plaintiffs are entitled to Partial Summary Judgment.

I.	**PLAINTIFFS HAVE MET THEIR BURDEN ON SUMMARY JUDGMENT – ALL ELEMENTS OF PLAINTIFFS CLAIMS HAVE BEEN PROVEN AND DEFENDANTS HAVE FAILED TO OFFER MATERIAL FACTS VS ALLEGED BELIEFS SUFFICIENT TO DEFEAT SUMMARY JUDGMENT FOR PLAINTIFFS**

The standard for a moving party to demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law is stated in Defendants' Opposition and for brevity, will not be repeated here. Rather, upon a meeting of Plaintiffs' burden, the burden shifts to Defendants (the nonmoving parties) who "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), and they "may not rely on conclusory allegations or unsubstantiated speculation." Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423,

428 (2d Cir. 2001) (internal quotation marks omitted); *see also* Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F.2d 186, 188 (2d Cir. 1992) (noting that summary judgment cannot be defeated "on the basis of conjecture or surmise") (internal quotation marks omitted). At the summary judgment stage, a nonmoving party "must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of N.Y., 132 F.3d 145, 149 (2d Cir. 1998).

Ignoring the uncontroverted facts, Defendants are relying on a self-serving affidavit of Douglas Maxwell as to his "beliefs" and Jason Pascal as to an agreement unrelated to the agreement between Media Right and Plaintiffs (and made before the effective date of the Media Right/Gloryvision Product Representation Agreement). In fact, Defendants argument in opposition is that they did nothing wrong because they did only that which they were authorized to do by the agreements. *See* Opposition to Plaintiffs' Motion for Partial Summary Judgment at pages 3-6. The Court can interpret the Media Right / Gloryvision Product Representation Agreement which is the source of all rights and claims. Maxwell and Media Right cannot sign away more rights than they received.

As discussed in detail in Plaintiffs' Memorandum of Law in Support of the Motion for Partial Summary Judgment, the Media Right / Orchard Product Representation Agreement dated February 24, 2000 was clear in that it allowed the distribution of the **cds and tapes** for "Songs for Cats" and "Songs for Dogs." *See* Exhibit "A" annexed to the Declaration of Anne Bryant in Support of Plaintiffs' Motion for Partial Summary Judgment. Sales of the Gloryvision recordings were permissible through on-line sellers such as Amazon.com and Pets.com for the on-line sales of the "Songs for Cats" and "Songs for Dogs" cds and tapes. At the time the three year contract was made, online music was *not* even being sold by The Orchard. It was only in

2004, one year after the Gloryvision / Media Right Product Representation agreement elapsed that The Orchard began selling "Songs for Cats" and "Songs for Dogs" as separate online individual digital copies through iTunes. *See* Affidavit of Jason Pascal in Support of Defendants' Motion For Summary Judgment at ¶12. Moreover, the terms of the Product Representation are clear and unambiguous and the Agreement speaks for itself; therefore no self-serving interpretation by the Defendants can alter the true meaning of the Product Representation Agreement.

Lastly, Plaintiffs were not a party to the Orchard / Media Right agreement and are in no way bound by any of the terms or defenses proffered by The Orchard. The fact that Media Right warranted to The Orchard that they had the rights to grant the Orchard permission to make and distribute digital copies is of no consequence to Plaintiffs who never gave that right to Media Right to begin with. Any reproduction of a musical composition or a sound recording requires the consent of the owner of that particular copyright. 17 U.S.C. §106. That right was never given here.

II. **PLAINTIFFS HAVE SHOWN PROOF OF OWNERSHIP OF THE COPYRIGHTS – REGISTRATION OF THE COPYRIGHTS CREATES A PRESUMPTION OF OWNERSHIP OF THOSE COPYRIGHTS**

Registration of the copyrights creates a presumption of ownership of those copyrights. Micro Star v. Formgen Inc., 154 F.3d 1107, 1110 (9th Cir. 1998); 17 U.S.C. §410(c). Plaintiffs are, and at all relevant times have been, the copyright owners of each of the Sound Recordings that are the subject of this action. *See* Exhibit "B" annexed to Plaintiffs' Motion for Summary Judgment. Defendants have not presented and cannot present any facts to dispute that Plaintiffs are the owners of valid copyrights to these Sound Recordings and associated art.

Indeed, Defendants have admitted that there are at "fourteen (14) copyright registrations which may arguably be of relevance…" See Defendants' Opposition to Plaintiffs' Motion For Partial Summary Judgment at page 7. However, two of these fourteen copyrights discussed by Defendants are Sound Recording registrations for "Songs for Cats" and "Songs for Dogs." These are the very Sound Recordings that were copied by Defendants and are at issue before the Court on this Motion for Summary Judgment. Therefore, Defendants admit that there are valid copyrights for the subject sound recordings and have failed to meet their burden. Nevertheless, all relevant copyright registrant information is a matter of public record available via the Copyright.gov website as well as annexed to Plaintiffs' Motion for Summary Judgment as Exhibit "B." Therefore, there is no and can be no question as to the registration or ownership of these twenty recordings and associated art.

### III. DEFENDANTS' BELIEFS ARE NOT AT ISSUE – COPYRIGHT INFRINGEMENT IS A STRICT LIABILITY OFFENSE AND THE CIRCUMSTANTIAL EVIDENCE DEMONSTRATES WILLFUL INFRINGEMENT

Copyright infringement is a strict liability offense and Plaintiffs need not demonstrate Defendants' intent to infringe, or even knowledge of infringement, in order to prove copyright infringement. Pinkham v. Sara Lee Corp., 983 F.2d 824, 829 (8th Cir. 1992) (describing liability for copyright infringement as absolute because "[t]he defendant's intent is simply not relevant: The defendant is liable for 'innocent' or 'accidental' infringements"). Copyright liability is a strict liability offense. There is no intent or knowledge requirement. Even innocent or accidental infringements may produce liability. See, e.g. DeAcosta v. Brown, 146 F.2d 408 (1944), cert. denied, 325 U.S. 862 (1945). The self-serving affidavits from Defendants do not meet Defendants' burden to show that they are not liable for Copyright infringement. Claims that they "didn't intend to infringe the Plaintiffs' copyrights" are admissions of strict liabilities for the

6

offense. *See* Maxwell Affidavit at ¶40-41, 43. Rather, all of the circumstantial evidence, taken together, showed not only the opposite but also a willful intent on the part of Defendants for copyright infringement.

Specifically, twenty three days **before** entering into an agreement with Plaintiffs, Mr. Berlent/Maxwell entered into an agreement with The Orchard whereby The Orchard could sell Plaintiffs' recordings "…by any and all means and media." *See* Exhibit "E" at page 42, lines 3-13 annexed to the Monaghan Declaration in Support of Plaintiffs' Motion for Summary Judgment; see also Media Right / Orchard Agreement dated February 24, 2000 annexed to the Monaghan Declaration in Support of Plaintiffs' Motion for Summary Judgment as Exhibit "A." Moreover, both Media Right and The Orchard claimed copyright and authorship of Plaintiffs' recordings, associated artwork and text *despite* a valid and visible copyright © mark on each physical copy of "Songs for Cats" and "Songs for Dogs" *See* Exhibits "C" – "F" annexed to the Bryant Declaration in Support of Plaintiffs' Motion for Summary Judgment.

Mr. Berlent's acknowledgment that he could **only obtain additional copies of the recordings from the Plaintiffs** [2] according to the terms of the agreement and his actions by way of The Orchard in selling unauthorized digital copies through a multitude of The Orchard's electronic download partners further demonstrates a case for willful infringement.

Left unspoken is an important element of Plaintiffs' claims: the dismemberment of the integral product with its artwork and compendium of songs. There was no authority granted in the Media Right/Gloryvision Product Representation Agreement for Media Right or any third party to sever the products into individual tracks to be sold individually.

---

[2] See Exhibit "D" annexed to Monaghan Declaration In Support of Plaintiffs' Motion for Partial Summary at Page 96, line 24 – Page 97, line 7 wherein Mr. Maxwell / Berlent discusses that "…his only way of obtaining the product" is to tell Ellen Bernfeld and then Ellen Bernfeld would procure additional copies of the product and deliver them to Mr. Maxwell/Berlent.

7

Based upon the foregoing, Defendants have failed to meet their burden to demonstrate facts sufficient to defeat the claims. Indeed, they admit the predicate facts which establish Plaintiffs' claims.

## IV. PLAINTIFFS NEED NOT REGISTER THEIR TRADEMARKS

Trademarks do not have to be registered to be enforced. Unregistered trademarks may be identified by the symbol TM, and are also protected under the law. The Lanham Act was intended to make "actionable the deceptive and misleading use of marks" and "to protect persons engaged in ... commerce against unfair competition." §45, 15 U.S.C. §1127. Section 43(a) "prohibits a broader range of practices than does §32," which applies to registered marks, <u>Inwood Laboratories, Inc. v. Ives Laboratories, Inc.</u>, 456 U.S. 844, 858, 102 S.Ct. 2182, 2190-2191, 72 L.Ed.2d 606 (1982), but it is common ground that § 43(a) protects qualifying unregistered trademarks and that the general principles qualifying a mark for registration under §2 of the Lanham Act are for the most part applicable in determining whether an unregistered mark is entitled to protection under § 43(a). It is not the registration which creates the trademark. Plaintiffs need only show that that: (1) the mark is inherently distinctive and the owner was the first to use it to identify its services or goods; and (2) the public will be deceived if another person uses the same mark to identify their goods or services. Plaintiffs have demonstrated each of these elements and Defendants only conclusory allegation has been that the trademarks are unregistered and thus, Plaintiffs have no remedy. This is a misstatement of the law and does not meet the burden for defeating a summary judgment motion.

V.  **DEFENDANTS' RELIANCE ON BAKER v. URBAN OUTFITTERS IS MISGUIDED AND IRRELEVANT**

Defendants continually cite and claim reliance on Baker v. Urban Outfitters for their claim that they are entitled to attorney's fees for the "inadvertent" infringement[3] despite their offers to pay settlement amounts. "There is no authority in this Circuit which recognizes the inherent capacity of courts to impose attorneys' fees in the absence of bad faith." Richtone Design Group, L.L.C. v. Classical Pilates, Inc. 2007 WL 1098706, S.D.N.Y.,2007 *citing* Baker v. Urban Outfitters, *431 F.Supp.2d 351, 357 (S.D.N.Y.2006)* (stating that "the record establishes that Baker was improperly motivated and otherwise acted in bad faith in bringing the instant lawsuit"); *Id. at 363* (finding that "the bad faith conduct that is necessary for a proper award of § 1927 sanctions is the same bad faith conduct that justifies an award of sanctions under the court's inherent powers."

Baker v. Urban Outfitters is a very fact specific case and those facts are not relevant here. Plaintiffs have made out an overwhelming *prima facie* case for copyright infringement in good faith. In awarding fees, in Baker v. Urban Outfitters, the District Court found that the Plaintiff was improperly motivated in bringing the suit, and otherwise acted in bad faith, that the lawsuit was objectively unreasonable, and that a unique need existed for both compensation and deterrence. In awarding the prevailing Defendant attorney's fees under Section 505, the Baker Court found that 1) the plaintiff had lied in discovery, prolonging the discovery process, *id. at 356*; 2) the plaintiff had filed the case in bad faith, to obtain publicity for the plaintiff and his counsel, *id. at 358*; and 3) the plaintiff's damage claim was objectively unreasonable, at almost 100 times the plaintiff's actual damages; *id. at 358-59*. The Court found that an award of attorney's fees was necessary to deter other plaintiffs from bringing unreasonable claims. *Id.* at

---

[3] A claim belied by their claim of ownership of Plaintiffs' Copyrighted products on the web.

9

359-60. *See* discussion of Baker v. Urban Outfitters in Thompkins v. Lil' Joe Records, Inc. Slip Copy, 2008 WL 896898, S.D.Fla.,2008 at page 8. None of these facts are relevant to this case and Defendants' continued insistence and reliance upon this case is in and of itself bad faith.

## CONCLUSION

Plaintiffs respectfully submit that there remain no issues of fact. Defendants have failed to meet their burden and as such, Plaintiffs' Motion for Partial Summary Judgment should be granted in its entirety.

Respectfully Submitted,

Michael Korik (MK0377)
Counsel for Plaintiffs
Monaghan, Monaghan, Lamb
& Marchisio, LLP

401 East 65th Street, Ste. 10C
New York, New York 10019
(212) 541-6980
&

28 West Grand Avenue
Montvale, New Jersey 07645
Tel. (201) 802-9060
Fax. (201) 802-9066

10