UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANNE BRYANT, ELLEN BERNFELD, and
GLORYVISION, LTD.                                                              Case No. 07-cv-3050

                              Plaintiffs,

    - against -                                                                    **The Honorable
                                                                             Lisa M. Smith**

EUROPADISK, LTD., MEDIA RIGHT PRODUCTIONS,
INC., VERY COOL MEDIA, INC., DOUGLAS MAXWELL,
THE ORCHARD ENTERPRISES, INC. and RUSSEL
PALLADINO
                              Defendants.
------------------------------------------------------------------------X


**DEFENDANTS' REPLY BRIEF
IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**


Dated: June 30, 2008

                                                                    Mitchell C. Shelowitz
                                                                    Shelowitz & Associates PLLC
                                                                    11 Penn Plaza, 16th Floor
                                                                    New York, New York 10001
                                                                    Tel.: (212) 655-9384

INTRODUCTION

Plaintiffs' Anne Bryant ("Ms. Bryant"), Ellen Bernfeld ("Ms. Bernfeld"), and Gloryvision, Ltd. ("Gloryvision") (collectively the "Plaintiffs") Opposition to Defendants' Media Right Productions, Inc. ("Media Right"), Douglas Maxwell ("Mr. Maxwell"), and The Orchard Enterprises, Inc. ("The Orchard") (collectively the "Defendants") Motion for Summary Judgment merely reiterates blanket allegations and accusations maintained by Plaintiffs throughout the course of this baseless litigation, and fails to set forth any genuine issues of material fact. To the contrary, even a brief review of the alleged "disputed issues" Plaintiffs list in their Opposition, reveals that all such issues must be resolved in favor of the Defendants as a matter of law, and actually undermine Plaintiffs' Motion for Summary Judgment.

I. PLAINTIFFS AUTHORIZED MEDIA RIGHT TO MARKET, SELL, AND DISSEMINATE THE GLORYVISION RECORDINGS PURSUANT TO THE PARTIES' REPRESENTATION AGREEMENT AND HAVE FAILED TO DEMONSTRATE THAT THE AGREEMENT, WHICH SPEAKS FOR ITSELF, PROHIBITED DIGITAL COPYING.

In order to succeed on a claim of copyright infringement, Plaintiffs must establish unauthorized use by the Defendants. See Sony Corporation of America et al. v. Universal City Studios, Inc., et al., 464 U.S. 417, 433 (1984). Here, the representation agreement between Gloryvision and Media Right (the "Gloryvision Agreement"), which speaks for itself, grants Media Right broad authority to market and sell Plaintiffs' recordings "Songs for Cats" and "Songs for Dogs" (the "Gloryvision Recordings"). The Gloryvision Agreement, by its terms, is not confined to Media Right's distribution of physical tapes and CDs, as Defendants suggest, but to the contrary, provides that Media Right shall "use its best efforts to market and promote these ***recordings***." (See § 3 of the Gloryvision Agreement, attached as Defendants' Exhibit 1.)

Furthermore, the Gloryvision Agreement ***does not*** expressly prohibit digital distribution of the Gloryvision Recordings.

Plaintiffs cannot dispute these express terms of the Gloryvision Agreement, and therefore, instead rely on the fact that the Gloryvision Agreement is titled a "***Product*** Representation Agreement" (emphasis added). This argument however is unsupportable, and is actually offered by Plaintiffs in bad faith since Mr. Maxwell specifically testified regarding this point during his deposition, as follows:

**Plaintiffs' Counsel** - "…why was this Agreement characterized as a Product Representation Agreement rather than a Music Representation Agreement?"

**Mr. Maxwell** - "I would, actually, attribute it to a very personal reason…A friend of mine… is a salesperson for Synclavier, a synthesizer company, and we used to make fun of him how he referred to, instead of music, he called it 'product,' and we sort of adopted it because it allowed us to have a distance from the music and sort of as an inside concept to us."

**Plaintiffs' Counsel** - "All right. I understand what you're saying."

(See p. 80 ¶¶ 7-20 of the Maxwell Deposition.)

There is no issue of fact that Media Right was acting with full authority from the Plaintiffs under the express terms of the Gloryvision Agreement when it sent the Gloryvision Recordings to The Orchard, as contemplated by the Plaintiffs. Similarly, pursuant to the distribution agreement between Media Right and The Orchard (the "Orchard Agreement"), The Orchard was explicitly authorized to market, sell, promote, and distribute the Gloryvision Recording in any form whatsoever. (See Defendants' Exhibit 2.) Because Plaintiffs have failed to demonstrate any unauthorized use, this Court must find that there was no infringement as a matter of law.

II.    PLAINTIFFS HAVE IDENTIFIED MERELY TWO COPYRIGHT REGISTRATIONS WHICH ARE AT ISSUE.

Statutory damages under the Copyright Act are only recoverable where the copyright owner can show that he or she actually registered the copyright with the U.S. Copyright Office. See 17 U.S.C. § 411(a) ("no action for infringement of the copyright in any United States work shall be instituted until pre-registration or registration of the copyright claim has been made in accordance with this title.")

Plaintiffs' Opposition identifies only two (2) sound recording registrations, which "are at issue before the Court on this Motion for Summary Judgment." (See p. 12 of Plaintiffs' Memorandum of Law in Opposition.) Because under the Copyright Act, statutory damages are awarded based on the number of copyrighted works infringed, and not on the number of infringements, see 17 U.S.C. § 504(c)(1); WB Music Corp. v. RTV Communication Group, Inc., 445 F.3d 538, 540 (2d Cir. 2006), Plaintiffs are limited in their recovery, if any, to these two (2) copyrights. As such, Plaintiffs' references to twenty (20) separate tracks or to 4,605 purported occasions of infringement by The Orchard, a number with which Plaintiffs mysteriously came up absent any explanation or proof, are utterly irrelevant.

III.    PLAINTIFFS HAVE FAILED TO ESTABLISH ANY WILLFULNESS ON DEFENDANTS' BEHALF, AND INSTEAD, HAVE RELIED ON FALSE ACCUSATIONS WHICH CONTRADICT DEFENDANTS' SWORN TESTIMONY.

Plaintiffs improperly maintain a groundless argument for willful infringement, while all evidence points to the contrary; that Defendants at all times acted in good faith. Firstly, Plaintiffs knew about The Orchard's involvement prior to entering into the Gloryvision Agreement with Media Right. In fact, they specifically contemplated that The Orchard would be

a major distribution channel of the Gloryvision Recordings. See p. 102 ¶¶ 18-25 of the Maxwell Deposition, attached as Defendants' Exhibit 9; ¶¶ 12-13 of the Maxwell Affidavit.

Secondly, Defendants have testified under oath that they "never took any action, nor instructed anyone to affix … an incorrect copyright attribution on any such third-party websites…[and] do not know who made such wrongful attribution or why." See Pascal Affidavit ¶ 24; see also, Maxwell Affidavit ¶ 43.

IV. <u>BY LIMITING STATUTORY DAMAGES FOR INNOCENT INFRINGEMENT, CONGRESS SPECIFICALLY INTENDED TO PROTECT BLAMELESS PARTIES LIKE THE DEFENDANTS HERE FROM UNWARRANTED LIABILITY.</u>

Although Defendants at all times were authorized to sell and distribute the Gloryvision Recordings, and thus never infringed on Plaintiff' rights, where the "court finds, that [an] infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." See 17 U.S.C. § 504(c)(2).

When passing the Copyright Act of 1976 (the "Act"), the Congressional purpose and legislative intent behind the statute's reduction of statutory damages for unintentional infringement was to "offer[] adequate insulation" and "protect against unwarranted liability in cases of occasional or isolated innocent infringement."  H.R. REP. 94-1476, 1976 U.S.C.C.A.N. 5659.  The case at bar is precisely the type of matter that Congress sought to prevent in passing the Act.

Here, Defendants at all times maintained their innocence and have already offered Plaintiffs $3,000, which Plaintiffs, in bad faith, rejected.  As a result, the most Plaintiffs can now recover from their baseless lawsuit is $200 per infringed copyright, or $400 in total.

V.   PLAINTIFFS' TRADEMARK CLAIM IS A NULLITY SINCE A COPYRIGHT NOTICE IS NOT A VALID TRADEMARK

Plaintiffs' Opposition makes a ludicrous argument that because the Gloryvision CD's apparently displayed a copyright notice; this somehow amounts to a trademark.  However, Plaintiffs have already conceded that they do not own any federal trademark registrations, nor have applied for any with respect to the Gloryvision Recordings.  See Bryant Deposition at ¶¶ 6-10, p. 54.  As a result, Plaintiffs' trademark claims must be dismissed as a matter of law.

VI.  DEFENDANTS ARE ENTITLED TO COSTS AND FEES.

Equitable factors overwhelmingly weigh in favor of an award of fees and costs to the Defendants.  The instant lawsuit was motivated by improper considerations, prosecuted in bad faith, and Plaintiffs' legal and factual contentions are objectively unreasonable.  See Baker v. Urban Outfitters, 431 F. Supp 2d 351, 357 (S.D.N.Y. 2006).  As such, this Court should grant Defendants' Motion for Summary Judgment dismissing all of Plaintiffs' objectively unreasonable claims, and award Defendants all attorney's fees and costs they incurred in defending this unwarranted lawsuit.

CONCLUSION

For all of the foregoing reasons, Defendants' Motion for Summary Judgment should be granted, Plaintiff's claims denied, and Plaintiffs should be required to pay all of the Defendants' attorney's fees and costs incurred in its defense.

Dated: New York, NY
June 30, 2008

    Respectfully submitted,

    SHELOWITZ & ASSOCIATES PLLC
    *Attorneys for Defendants*

    By: /s/ MITCHELL C. SHELOWITZ
        Mitchell C. Shelowitz
        11 Penn Plaza, 16th Floor
        New York, NY 10001
        Tel:   (212) 655-9384
        Fax:  (646) 328-4569