# MONAGHAN, MONAGHAN, LAMB & MARCHISIO, LLP

ATTORNEYS AND COUNSELLORS AT LAW

PATRICK J. MONAGHAN, JR. *
RICHARD F. MONAGHAN ** †
EUGENE G. LAMB ** †
JUVENAL L. MARCHISIO **
JAMES P. O'NEILL *** †
MICHAEL KORIK *

* ADMITTED IN NJ AND NY
** ADMITTED IN NY
*** ADMITTED IN FLA AND NY
† OF COUNSEL

28 WEST GRAND AVENUE
MONTVALE, NEW JERSEY 07645

TEL: **(201) 802-9060**
FAX: **(201) 802-9066**
E-Mail: mmlmlawyers@aol.com

NEW YORK OFFICE:
401 EAST 65TH STREET
SUITE 10C
NEW YORK, NEW YORK 10021

**(212) 541-6980**
FAX: **(212) 541-6994**

February 25, 2008

**Via Federal Express Overnight Delivery**

The Honorable Lisa Margaret Smith
United States District Court
Southern District of New York
300 Quarropas Street, Room 428
White Plains, NY 10601

    Re:    Bryant *et al.* v. Media Right *et al.*
           Docket No: 07-3050

Dear Judge Smith:

    We represent Plaintiffs in the above-referenced matter and seek to respond to Defendant's January 29, 2008 letter regarding a discovery dispute and update the Court regarding the status of discovery.

## STATUS OF DISCOVERY

    Depositions of all parties have gone forward including the depositions of Plaintiffs in Florida. At this time, aside from the dispute raised by Defendants' January 29, 2008 letter, discussed below, there appears to be no outstanding discovery with the

exception of a possible future additional deposition of a witness with personal knowledge of the Orchard / Media Right relationship.[1]

## DISCOVERY DISPUTE AS TO DAMAGES

Plaintiffs again reiterate that they did not receive Mr. Shelowitz' letter until February 11, 2008 via e-mail on the day of the Conference scheduled by the Court to discuss the contents of the January 29, 2008 letter sent by Defendants. With respect to Defendants' concerns raised by the January 29 letter, it is clear that Defendants' focus is only on proof of actual damages as they seek to minimize the extent of damages to those allegedly received by Media Right and portray this as meritless case worth only the $382.86 allegedly received by Media Right as profit. However, the case law is clear on the issue of damages in cases involving copyright infringement. The Copyright Act provides that once copyright infringement has been established:

> [T]he copyright owner may elect, at anytime before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action,, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally.

17 U.S.C. §504(c)(1); *see also Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1114 (2d Cir. 1986)(*noting* that, upon proof of infringement, a copyright "...owner may elect to recover—instead of actual damages and profits—statutory damages under §504(c)(1) for those works whose copyrights were registered at the time the infringement occurred").

---

[1] The witness produced by The Orchard on February 21, 2008, Jason Pascal, Esq., was not an employee of The Orchard at the time that the transactions at issue occurred and thus was not able to answer questions related to the policies in effect at the time of the Media Right / Orchard agreement in 2000. We are awaiting the transcript and will make an appropriate request for a further deposition of an additional Orchard witness, if necessary, after a thorough analysis of Mr. Pascal's testimony.

Therefore, Plaintiffs do not need to prove any actual damages to be entitled to an award of statutory damages. Plaintiffs may elect statutory damages regardless of the adequacy of the evidence offered as to their actual damages and the amount of Defendant's profits. *Columbia Pictures Television, Inc. v. Krypton Broad.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (*citing Nimmer* §14.04[A]); *see also In Re: Aimster Copyright Litigation,*, 334 F.3d 643, 649 (7th Cir. 2003) ("a copyright owner who can prove infringement need not show that the infringement caused him a financial loss"); *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by the plaintiff or profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement"). As a result of discovery thus far, Plaintiffs will be able to show that Media Right conveyed Plaintiffs' exclusive intellectual property rights to the Orchard on February 1, 2000, twenty three (23) days before Plaintiffs entered into a Product Representation Agreement with Defendant Media Right (which did not grant ANY rights to Media Right to make copies). Plaintiffs can show that unknown volumes of actual copies were made and distributed by Defendants for profit without the express written permission of Plaintiffs. At this juncture, we recommend that Plaintiffs elect statutory damages and move for partial summary judgment.

## PLAINTIFFS HAVE PRODUCED EVERYTHING IN THEIR POSSESSION THAT IS RESPONSIVE TO DEFENDANTS' DEMANDS

Nevertheless, in the spirit of compliance with discovery demands, Plaintiffs have produced all records in its possession to date which are responsive to Defendants' requests numbered 24, 28 and 30. Moreover, with respect to demand No. 24, Plaintiffs

have furnished Defendants with a supplemental document production containing numerous invoices and receipts in its possession that are responsive to said demand (see enclosed).[2]

While Defendants' may claim it is "...dubious" that neither the "music company nor the composers maintain such vital business records," the business records at issue are quite old. In Plaintiffs' responses, Plaintiffs advised Defendants that significant time has passed and most of the documents responsive to this demand originally in Plaintiffs' possession are no longer in existence as these products were created and marketed by Plaintiffs quite some time ago. Moreover, the products at issue were to be sold by Media Right Productions, acting as a product representative as of the signed date of the agreement in 2000. Sales records through Media Right and The Orchard since that time would be in the Defendants' exclusive possession. Neither the Orchard nor Media Right has, until this litigation commenced, ever accounted to Plaintiff for total sales. Therefore, for Defendants to seek records that should arguably be in their exclusive possession is disingenuous.

Respectfully submitted,

Michael Korik (MK0377)

cc: Mitchell C. Shelowitz, Esq. *via* E-mail and FEDEX

---

[2] Rather than burden the Court with 101 pages of documents, we have enclosed a copy of the transmittal letter sent with the 101 bates stamped pages submitted to Defendants on February 12, 2008 as a supplemental response to their demands. A full copy of the document production will be made available for the Court's inspection on 2/26/08 at the scheduled conference.

4

# MONAGHAN, MONAGHAN, LAMB & MARCHISIO, LLP

ATTORNEYS AND COUNSELLORS AT LAW

PATRICK J. MONAGHAN, JR. *
RICHARD E. MONAGHAN **
EUGENE G. LAMB ***
JUVENAL L. MARCHISIO **
JAMES P. O'NEILL ***
MICHAEL KORIK *

* ADMITTED IN NJ AND NY
** ADMITTED IN NY
*** ADMITTED IN PA AND NY
† OF COUNSEL

28 WEST GRAND AVENUE
MONTVALE, NEW JERSEY 07645

TEL: (201) 802-9060
FAX: (201) 802-9066
E-Mail: mmlmlawyers@aol.com

NEW YORK OFFICE:
401 EAST 65TH STREET
SUITE 10C
NEW YORK, NEW YORK 10065

(212) 541-6980
FAX: (212) 541-6994

February 12, 2008

**VIA E-MAIL & HAND DELIVERY:**
mshelowitz@shelbro.com

Mitchell C. Shelowitz, Esq.
Shelowitz Broder LLP
11 Penn Plaza 5th Floor
New York, NY 10001

      Re: Anne Bryant vs. Europadisk, *et al*.
      Index No. 07-CIV-3050
      Our File: 3838

Dear Mr. Shelowitz:

    Enclosed please find documents (Bates Stamped No. 1- 101) produced in Response to your discovery demand No. 24. These were the only documents currently in Plaintiffs' possession that were responsive to demand No. 24. A copy of these documents has also been e-mailed to you. We are furnishing a number of documents, which in our view, are irrelevant to Plaintiffs' claims and will not lead to the discovery of anything relevant. As to your other demands, that you feel may still be outstanding, we are willing to provide an Affidavit from Plaintiffs that states that they do not possess records or documents that are responsive to your particular demands including demand No. 28 and No. 30.

                                  Sincerely,

                                  Michael Korik

MK:MVA
Enclosures