UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
ANNE BRYANT, ELLEN BERNFELD, and
GLORYVISION, LTD.                                        Case No. 07-cv-3050

                              Plaintiffs,
                                                              **DEFENDANTS' RESPONSE**
   - against -                                     **TO PLAINTIFFS'**
                                                              **STATEMENT OF**
EUROPADISK, LTD., MEDIA RIGHT PRODUCTIONS,   **MATERIAL FACTS**
INC., VERY COOL MEDIA, INC., DOUGLAS MAXWELL,
THE ORCHARD ENTERPRISES, INC. and RUSSEL .
PALLADINO
                                 Defendants.
------------------------------------------------------------------------------X

       Pursuant to Local Civil Rule 56.1(b), Defendants, Media Right Productions, Inc. ("Media Right'), Douglas Maxwell ("Mr. Maxwell"), and The Orchard Enterprises, Inc. ("The Orchard") (collectively the "Defendants") hereby respond to the Statement of Material Facts (the "Statement") of Plaintiffs, Anne Bryant ("Ms. Bryant"), Ellen Bernfeld ("Ms. Bernfeld"), and Gloryvision, Ltd. ("Gloryvision") (collectively the "Plaintiffs") as follows:

### Defendants' General Objections

       Defendants object to the Plaintiffs' purported Statement of "undisputed" facts in its entirety. Instead of submitting a statement of material facts as to which there exists no genuine issue to be tried, as required by Local Civil Rule 56.1, Plaintiffs' Statement consists entirely of misstatements, half-truths, and restatements of unsupported allegations contained in Plaintiffs' Complaint. None of the Plaintiffs' purported "facts" have any place in a statement of uncontested material facts, and are merely an attempt to argue the merits of the case to the Court without giving Defendants the benefit of direct testimony and cross examination.

1

## **Response**

1. Defendants do not object to the statements contained in Paragraph 1 of the Plaintiffs' Statement.

2. Defendants do not object to the statements contained in Paragraph 2 of the Plaintiffs' Statement.

3. Defendants do not object to the statements contained in Paragraph 3 of the Plaintiffs' Statement.

4. Defendants do not object to the statements contained in Paragraph 4 of the Plaintiffs' Statement.

5. Defendants do not object to the statements contained in Paragraph 5 of the Plaintiffs' Statement.

6. Defendants do not object to the statements contained in Paragraph 6 of the Plaintiffs' Statement.

7. Defendants object to the statements contained in Paragraph 7 of the Plaintiffs' Statement to the extent that Plaintiffs have failed to demonstrate that all recordings listed in Paragraph 7 (the "Gloryvision Recordings") were registered by Plaintiffs with the U.S. Copyright Office. In fact, Plaintiffs have merely produced the following registrations related to musical compositions, which *may* arguably be of relevance: (i) nine (9) Performing Arts registrations of separate songs from "Songs for Cats"; (ii) three (3) Sound Recording registrations for both albums; four (4) "Songs for Dogs" singles; and (iii) two (2) Visual Arts registrations for CD artwork of the two CDs. (See Exhibit B of the Bryant Declaration.) A substantial portion of the copyright listings produced by Plaintiffs are inapplicable because they: (i) were never registered; (ii) relate to literary works, namely the text of the CD booklets; and/or

(iii) relate to cassettes as opposed to CD's, while Defendants never had possession of the Gloryvision Recordings in cassette form. (See Exhibit B of the Bryant Declaration.)

8. Defendants hereby reiterate and incorporate herein Defendants' Response in Paragraph 7 above.

9. Defendants hereby reiterate and incorporate herein Defendants' Response in Paragraph 7 above.

10. Defendants hereby reiterate and incorporate herein Defendants' Response in Paragraph 7 above.

11. Defendants hereby reiterate and incorporate herein Defendants' Response in Paragraph 7 above.  Defendants also object to Plaintiffs' ambiguous reference to "above marks"; Plaintiffs have failed to identify or specify any "marks" in its Statement or anywhere else in its motion papers, which they have allegedly used to identify the Gloryvision Recordings.

12. Defendants do not object to the statements contained in Paragraph 12 of the Plaintiffs' Statement, but add that Plaintiffs admit that they do not own a single Federal trademark registration in any artwork, logos, or trade dress related to the Gloryvision Recordings. (See p. 54 ¶¶ 6-10 of the Bryant Deposition.)

13. Defendants object to Plaintiffs' reference in Paragraph 13 of the Plaintiffs' Statement to "copyrighted compositions, artwork, logos, and packaging" for the reasons stated in Paragraph 7 above.

14. Defendants do not object to the statements contained in Paragraph 14 of the Plaintiffs' Statement.

15. Defendants object to the statements contained in Paragraph 15 of the Plaintiffs' Statement on the basis that the Product Representation Agreement between Gloryvision and

Media Right (the "Gloryvision Agreement") does not prohibit Media Right from making physical or digital copies of the Gloryvision Recordings, but instead required Media Right to act as agent and use all means necessary, including exploiting its relationships with third parties such as The Orchard, to market, promote, and generate revenues from the Gloryvision Recordings. (See §§ 2-4 of the Gloryvision Agreement attached as Exhibit A of the Bryant Declaration; p. 78 ¶¶ 10-13, 19-21 and p. 102 ¶¶ 18-25 of the Maxwell Deposition attached as Exhibit D of the Monaghan Declaration.)

16.     Defendants do not object to Plaintiffs' statement that Media Right entered the Orchard Agreement on February 1, 2000 and that Ms. Bernfeld signed the Gloryvision Agreement on February 24, 2000, but object to Plaintiffs' reference in Paragraph 16 of the Plaintiffs' Statement to "copyrighted musical recordings and associated artwork" for the reasons stated in Paragraph 7 above.

17.     Defendants do not object to the statements contained in Paragraph 17 of the Plaintiffs' Statement.

18.     Defendants object to Plaintiffs' reference in Paragraph 18 of the Plaintiffs' Statement to "copyrighted musical recordings" and "copyrighted artwork" for the reasons stated in Paragraph 7 above. Defendants further add that in digitally distributing the Gloryvision Recordings, The Orchard was acting in accordance with its distribution agreement with Media Right (the "Orchard Agreement") attached as Plaintiffs' Exhibit A. (See ¶¶22-23 of the Affidavit of Jason Pascal, submitted as part of Defendants' Motion for Summary Judgment filed on June 6, 2008.)

19.     Defendants object to the statements contained in Paragraph 19 of the Plaintiffs' Statement on the basis that Plaintiffs' Exhibit F nowhere provides that 4,605 digital copies of the

Gloryvision Recordings were allegedly sold by the Orchard. Defendants further add that from April 1, 2002 until April 8, 2008, The Orchard generated a meager $2.26 in revenues from CD sales of "Songs for Cats" and $9.88 from "Songs for Dogs." Media Right's share under the Orchard Agreement was $1.58 and $7.00, respectively. In terms of digital sales for the same period, The Orchard generated $195.40 in total revenues from downloads of "Songs for Cats" and $383.51 from "Songs for Dogs," again, Media Right's share under the Orchard Agreement merely amounting to $136.78 and $268.46. (See Defendants' April 11, 2008 Letter to Plaintiffs' counsel with Exhibits, attached as Exhibit 3 of Defendants' Motion for Summary Judgment.)

20. Defendants do not object to the statements contained in Paragraph 20 of the Plaintiffs' Statement, but further add that although Media Right received royalty checks from The Orchard over the years, the amounts were insignificant, and Mr. Maxwell was unaware that these small checks contained royalties allotted to the Gloryvision Recordings because no written royalty breakdown accompanied the checks. As a result, Media Right mistakenly believed that all royalties were due from Media Right's own recordings. (See ¶ 33-36 of the Affidavit of Douglas Maxwell, submitted as part of Defendants' Motion.) In total, unbeknownst to Mr. Maxwell, Media Right apparently received a meager $413.82 in sales revenues generated from the Gloryvision Recordings, and unintentionally neglected to forward $331.06 of those revenues to Gloryvision. (See Exhibit 3 of Defendants' Motion.)

21. Defendants hereby reiterate and incorporate herein Defendants' Response in Paragraph 20 above.

22. Defendants object to the statements contained in Paragraph 22 of the Plaintiffs' Statement on the basis that the Gloryvision Agreement, by its terms, does not require Media Right to request copies of the Gloryvision recordings from the Plaintiffs when marketing and promoting them.

Dated: New York, NY
       June 20, 2008

Respectfully submitted,

SHELOWITZ & ASSOCIATES PLLC
*Attorneys for Defendants*

By: /s/ MITCHELL C. SHELOWITZ
    Mitchell C. Shelowitz
    11 Penn Plaza, 5th Floor
    New York, NY 10001
    Tel:  (212) 655-9384
    Fax:  (646) 328-4569