UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------

ANNE BRYANT, ELLEN BERNFELD, and
GLORYVISION, LTD.

                     Plaintiffs,

    -against-

EUROPADISK, LTD., MEDIA RIGHT PRODS.,
INC., VERY COOL MEDIA, INC., DOUGLAS
MAXWELL, THE ORCHARD ENTERPRISES, INC.
and RUSSELL J. PALLADINO,

                     Defendants.
------------------------------------

07 Civ 3050 (WGY)

Order

**WILLIAM G. YOUNG, United States District Judge.**[1]

The Defendants Media Right Productions, Douglas Maxwell, and The Orchard Enterprises, Inc. ("the Defendants") ask this Court to award costs and attorneys' fees pursuant to Rule 68 of the Federal Rules of Civil Procedure and the Copyright Act, 17 U.S.C. § 505.[2] See Defendants' Motion [Doc. No. 73] and supporting memorandum of law [Doc. No. 76]. Rule 68, which pertains to offers of judgment, provides, in relevant part: "If the judgment

---

[1] Of the District of Massachusetts, sitting by designation.

[2] Title 17 U.S.C. § 505 provides:

    In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."

In this case, the Defendants made an offer of judgment on December 21, 2007 in the amount of $3,000. On April 17, 2009, judgment entered in favor of the plaintiffs Anne Bryant, Ellen Bernfeld, and Gloryvision, LTD. ("the Plaintiffs") in the amount of $2,731.06. [Doc. No. 68]. The Court further ordered the Defendants to forward to certain third parties a copy of the decision and a letter explaining that none of the Defendants holds any copyright in the albums or recordings at issue. In light of this vindication of the Plaintiffs' ownership rights, the Court concludes that judgment was "more favorable" than the Defendants' offer. See Lish v. Harper's Magazine Found., 148 F.R.D. 516 (S.D.N.Y. 1993) (denying copyright defendant's motion for costs); Domanski v. Funtime, Inc., 149 F.R.D. 556 (N.D. Ohio 1993)(same). The Defendants' motion [Doc. No. 73] is DENIED.

SO ORDERED.

_William G. Young_
William G. Young
United States District Judge

Dated:
May 26, 2009